**Joseph TOUSSAINT, et al.,
Plaintiffs-Appellees,**

v.

**Daniel McCARTHY, et al.,
Defendants-Appellants.**

Nos. 84–2833, 85–1507, 85–1878, 85–2526.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 29, 1987.

Decided Sept. 2, 1987.

Sanford Jay Rosen, San Francisco, Cal., for plaintiffs-appellees.

Catherine A. Rivlin, San Francisco, Cal., for defendants-appellants.

Before WRIGHT, KENNEDY and BEEZER, Circuit Judges.

## ORDER

Joseph Toussaint, et al. (plaintiffs) move for an award of attorney's fees pursuant to

42 U.S.C. § 1988 for claims successfully defended on appeal in *Toussaint v. McCarthy,* 801 F.2d 1080 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). McCarthy (defendant) concedes that plaintiffs are prevailing parties but contends that they are entitled only to a reduced award because of their limited success on appeal.

Plaintiffs clearly obtained some of the relief they originally sought. Accordingly, they must be recognized as prevailing parties. Nevertheless, the remedy achieved by plaintiffs on appeal was considerably less than what they sought. A reduced award is, therefore, appropriate.

## BACKGROUND

This case began as a class action commenced on behalf of prisoners committed to administrative segregation in four California prisons. The class challenged the constitutionality of conditions of confinement and procedures for placing prisoners in administrative segregation at these prisons.

In the most recent phase of this case,[1] the District Court for the Northern District of California entered a permanent injunction governing conditions of confinement and segregation procedures at Folsom and San Quentin Prisons. Pursuant to this injunction the district court appointed a Monitor to oversee implementation of the injunction. *Toussaint v. McCarthy,* 597 F.Supp. 1388 (N.D.Cal.1984). Defendant appealed, challenging various aspects of the district court's injunction and the Monitor's order to release certain prisoners from administrative segregation. Plaintiffs cross-appealed, contending that the district court erred by not extending the sweep of its injunction further to cover additional prison conditions. We affirmed in part, reversed in part and remanded the case for additional proceedings. *Toussaint,* 801 F.2d at

1. The complex procedural background of this case is described at length in *Toussaint v. McCarthy,* 801 F.2d at 1085–86.

2. We decline to remand this fee application to the district court. Having decided this case on appeal we are in the better position to deter-

1114. In short, we upheld certain portions of the district court's injunction concerning prison conditions but concluded in general that the district court had asserted too much control over the day to day affairs of the prison.

### I

### DISCUSSION

A. *Fees Under 42 U.S.C. § 1988*

The general rule in the United States is that a prevailing party is not entitled to collect an attorney's fee from the losing party. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Congress has promulgated many statutory exceptions to this general rule. Plaintiffs rely on one such exception, 42 U.S.C. § 1988, which provides in pertinent part: "In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985 and 1986 of this title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

Under section 1988 a prevailing plaintiff should ordinarily recover attorneys fees unless "special circumstances" exist that militate against making such an award. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986). No special circumstances exist that would render an award of fees unjust. Accordingly, we proceed directly to the issue of whether plaintiffs are prevailing parties on appeal.[2]

In *Hensley v. Eckerhart,* the Supreme Court articulated the following test for determining if a party is a prevailing party:

plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the

mine if plaintiffs are entitled to a fee award and what the size of the award should be. *See Greater Los Angeles Council on Deafness v. Community Television,* 813 F.2d 217, 223 (9th Cir. 1987); *Chalmers,* 796 F.2d at 1213–17.

benefit the parties sought in bringing the suit.

*Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939 (quoting, *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)).

Counsel for defendant conceded at oral argument that plaintiffs prevailed on appeal, at least to a limited extent. Applying the standard articulated in *Hensley,* this concession was undoubtedly required. Plaintiffs successfully defended several claims on appeal, *see infra* p. 904, and they must be recognized as prevailing parties.

■ Prior to counsel's concession at oral argument, defendant asserted that a party is entitled to fees on appeal only when the party is "better off" after the appeal than it was before the appeal. If we adopted this theory, a party obtaining a partial or complete affirmance on appeal would receive no fees for the time spent on the appeal. Only those parties obtaining *additional* relief on appeal would be entitled to fees. We reject this argument. We employ the same standard for awarding fees on appeal that a trial court employs. *See Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1213 (9th Cir.1986). Thus, we must determine if, after appeal, the plaintiff has succeeded on a significant issue and achieved some of the benefit he sought in bringing the suit. *Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. at 1939. Applying this standard, plaintiffs are prevailing parties within the meaning of section 1988.

### B. *The Lodestar Amount*

■ Having concluded that plaintiffs are prevailing parties, it remains to be determined what fee is reasonable. The starting point for determining an award of fees is the lodestar amount, the product of hours reasonably expended multiplied by a reasonable hourly rate. *Greater Los Angeles County on Deafness v. Community Television,* 813 F.2d 217, 221 (9th Cir.1987).

Plaintiffs request $114,065.44 in fees. Their hourly rate for attorneys fees varies from a high of $225 per hour to a low of $50 per hour. These rates represent slight increases ($5—$10 per hour) over rates that the district court expressly approved in 1986. The hourly rates for clerical employees and paralegals ranges from $15 to $20 per hour.

According to plaintiffs, the actual lodestar amount is $171,208.94. Plaintiffs have discounted their fee request by one-third to reflect their limited success on appeal. The bulk of the discounted fees were incurred by the firm of Pillsbury, Madison and Sutro. The Pillsbury firm has consented to the waiver of these fees.

■ The plaintiffs' documentation of hours appears to be adequate and the total time expended on this appeal, which involved a plethora of complex issues, is within reasonable limits. Thus, while the requested fee may appear to be high, plaintiffs have presented sufficient evidence to support the requested fee. Moreover, defendant has not come forward with affidavits contesting the reasonableness of the rates or hours expended. In sum, we conclude that $171,208.94 is a reasonable lodestar amount.[3]

### C. *Plaintiffs Limited Success on Appeal*

In *Hensley* the Supreme Court held that when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount." *Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941.

■ The Court described two approaches in *Hensley* for setting fees in cases where a plaintiff's success is limited. First, in lawsuits involving separable legal claims, fees may be awarded only for work on successful claims. According to the Court, it is inappropriate to award fees on unsuccessful claims because time spent on them

3. We disallow time spent by the plaintiffs on their unsuccessful certiorari petition. Time spent on the certiorari petition cannot reasonably be said to have been expended in the course of the instant appeal. Here, we consider only those fees which were incurred in the appeal that resulted in our decision in *Toussaint v. McCarthy,* 801 F.2d 1080 (9th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987).

"cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940 (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444 at 5049 (C.D.Cal.1974)). We conclude that this approach is inappropriate here. Plaintiffs' claims are not easily categorized as "related" or "unrelated." Most of plaintiffs' claims involve a common core of facts and legal theories. Accordingly, it would be unfair to require plaintiffs to produce documentation demonstrating the time spent on each individual issue raised in the *Toussaint* appeal.

The second approach discussed in *Hensley* allows a court to "simply reduce the award to account for the limited success" of the plaintiff. *Hensley*, 461 U.S. at 436–37, 103 S.Ct. at 1941. "To measure the extent of plaintiffs' success, we do not use a mathematical ratio of winning claims to losing claims, an approach criticized in *Hensley*." *Community Television*, 813 F.2d at 222. Instead, we compare the overall relief eventually obtained by the plaintiff to the relief originally requested, and gauge the award accordingly. *Id.; Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940.

■ Applying this test, we conclude that plaintiffs achieved far less than what they originally sought to achieve. Their proposal to reduce their fee award by one-third is inadequate in light of their limited success.

Plaintiffs obtained complete or partial success on the following issues: 1) Prisoner access to the law library, 801 F.2d at 1108–10; 2) acoustical wall coverings and hot and cold water controls for prisoners in administrative segregation, *id.* at 1110–11; 3) the creation of a liberty interest in the California Prison Regulations, *id.* at 1097–98; 4) review procedures for prisoners held in administrative segregation, *id.* at 1101; and 5) treatment of prisoners by medical assistants, *id.* at 1111–12.

The plaintiffs' success on appeal was, however, very limited. In large part we required the district court to relinquish control over the prisons and return it to California prison officials. We concluded that the California Prison Regulations created a liberty interest for prisoners placed in ad-ministrative segregation, but we held that due process constraints were satisfied by informal, nonadversarial hearings conducted within a reasonable time after the prisoner was segregated. *Id.* at 1100. Plaintiffs requested a much higher quantum of process. We also concluded that enforced idleness in administrative segregation and the denial of contact visitation did not violate the Eighth Amendment. *Id.* at 1106–09, 1113–14. Finally, we found that, in general, the health care provided at Folsom was constitutionally adequate. *Id.* at 1111–13.

Accordingly, we hold that plaintiffs' limited success entitles them to 37.5% of the total lodestar amount of $171,208.94, or $64,203.35.

Plaintiffs' application for fees on appeal is GRANTED in the amount of $64,203.35.