**HAMILTON MUTUAL INSURANCE COMPANY, Appellant and Cross–Appellee,**

v.

**PERRY, Appellee and Cross–Appellant.**

[Cite as *Hamilton Mut. Ins. Co. v. Perry* (1997), 124 Ohio App.3d 147.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–97–010.

Decided Nov. 21, 1997.

*Reminger & Reminger Co., L.P.A.*, and *Clifford C. Masch*, for appellant.

*Murray & Murray Co., L.P.A.*, and *W. Patrick Murray*, for appellee.

---

*Per Curiam.*

This case is on appeal from a declaratory judgment of the Ottawa County Court of Common Pleas.

This case began as a declaratory judgment action filed by appellant, Hamilton Mutual Insurance Company, in the Ottawa County Court of Common Pleas. Appellant contended that it did not owe appellee, Leo E. Perry, Jr., any insurance coverage because appellee did not give appellant timely notice of an accident that happened in his home resulting in injury to his son. Appellee responded that when the accident happened he had no liability to his minor son because parental immunity for tort actions still existed. He argued that he gave prompt notice to appellant after parental immunity was abolished by the Supreme Court of Ohio and his son filed a personal injury suit. He stated that under the circumstances he had complied with the requirements of the contract.

The trial court ruled that appellant owed no duty to appellee to provide insurance coverage. The trial court reasoned that appellee did not present sufficient evidence to show that appellant was not prejudiced by receiving notice of the accident several years after the accident. On appeal, this court reversed and remanded the case. This court ruled that appellee had presented sufficient evidence to show a genuine issue of material fact remained in question regarding whether appellant was prejudiced by the late notice.

On remand, after further evidence was presented by both parties, the trial court ruled that appellant was not prejudiced by the late notice from appellee. The trial court ruled that appellant did owe insurance coverage to appellee and awarded appellee attorney fees. Appellant filed an appeal from the ruling of the trial court and presented several assignments of error. Prior to oral argument, the parties filed a joint stipulation in this court, stating:

"1. Leo Perry and Hamilton Mutual agree that the fee arrangement as between Leo Perry and his counsel, W. Patrick Murray, which is outlined on pages 20 and 21 of Judge Smith's January 23, 1997 Judgment shall not be a

matter of review in the course of the Court of Appeals' hearing of Case No: 97–OT–010.

"2. The issues on appeal in Case No: 97–OT–010 shall, by agreement of the parties, be limited to the following:

"a. Whether the trial court's finding of bad faith was improper and/or erroneous.

"b. Whether the legal fees granted by the trial court were reasonable."

Following oral argument, appellee, Leo Perry, filed a partial motion to dismiss.

Appellee asks this court "to dismiss the plaintiff-appellant's assignment of error relating to the subject of bad faith." Appellee states in his motion that a settlement has been reached with appellee that ends the need for this court to consider the first issue presented for review: the trial court's finding with regard to bad faith. Appellee has not opposed the partial motion to dismiss; therefore, we find it well taken. The partial motion to dismiss is granted.

The only issue remaining for review on appeal, as stipulated by the parties, is raised in appellant's Assignment of Error E, which provides: "THE TRIAL COURT ERRED IN GRANTING ATTORNEYS FEES AT THE BILLABLE HOURLY RATE OF $400.00." The parties agreed in the trial court that the number of hours listed by appellee's attorneys for work performed on this case was reasonable. Appellant argued, however, that the hourly rate charged by appellee's attorneys, $350 an hour, was not reasonable. The trial court considered evidence from both parties and ruled that appellee's attorneys were entitled to $400 an hour for their fees. Appellant now contends that the trial court erred.

■ We begin by noting that the trial court had statutory authority to award attorney fees to the prevailing party in a declaratory judgment action pursuant to R.C. 2721.09. *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 648 N.E.2d 488, syllabus. The standard of review for such an award on appeal is whether the trial court abused its discretion. *Id.* An abuse of discretion "connotes more than just an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Landis v. Grange Mut. Ins. Co.* (Feb. 21, 1997), Erie App. No. E–96–034, unreported, 1997 WL 77546, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 168–169, 559 N.E.2d 1301, 1307–1309. Keeping this standard of review in mind, we now review the arguments presented on appeal.

■ Appellant contends that the trial court applied incorrect factors in reaching its decision that a reasonable hourly fee for appellee's attorneys was $400 an hour. Appellant argues that the terms used by the trial court, lodestar, enhancement, and multiplier, are terms that apply only in federal civil rights violation

cases. This court agrees that the terms used by the trial court have generally not been adopted by Ohio courts.

■ As this court recently discussed, in Ohio a trial court must take two steps to determine reasonable attorney fees in a declaratory judgment case. First, the trial court must determine that an award of fees is necessary and proper. Next, the trial court must apply the factors found in DR 2–106 to determine a reasonable rate. *Landis v. Grange Mut. Ins. Co.* (Feb. 21, 1997), Erie App. No. E–96–034, unreported, 1997 WL 77546. DR 2–106 provides:

"(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

"(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

"(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

"(3) The fee customarily charged in the locality for similar legal services.

"(4) The amount involved and the results obtained.

"(5) The time limitations imposed by the client or by the circumstances.

"(6) The nature and length of the professional relationship with the client.

"(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

"(8) Whether the fee is fixed or contingent."

■ While the trial court did use terminology that is not generally adopted in Ohio, *Freeman v. Crown City Mining, Inc.* (1993), 90 Ohio App.3d 546, 553, 630 N.E.2d 19, 23–24, our review of the trial court's judgment shows that the factors that were considered were essentially the factors found in DR 2–106. The trial court found that based upon those factors, the reasonable hourly rate that should be awarded for appellee's attorney fees was $400 per hour. For reasons we will discuss shortly, we do find that the trial court erred when it increased the hourly fee from $350 an hour to $400 an hour. However, before we fully explain our finding, we first consider and discuss appellant's next contention: that the trial court improperly found that an hourly fee of $350 an hour is customarily charged in the locality for similar legal services.

The trial court heard testimony from an expert presented by appellee. The expert testified that $350 an hour is a reasonable hourly rate when all of the factors listed in DR 2–106(B) are applied to this case. The expert testified that the locality in question in this case for the purposes of DR 2–106(B)(3) is the state of Ohio, because plaintiff's attorneys take cases from all over the state of Ohio as well as from other states, such as Oklahoma and Kentucky.

Appellant presented an expert witness who testified that a reasonable hourly rate would be $150 an hour when all of the factors listed in DR 2–106(B) are applied in this case. In particular, appellant's expert testified that in the eleven-county area of northern Ohio, the customary fee charged for defense of a declaratory judgment action filed by an insurance company ranged from $85 an hour to $150 an hour. He contended that the eleven-county area of northern Ohio constitutes the locality in question in DR 2–106(B)(3) as applied to this case.

The trial court carefully considered the testimony of the expert witnesses and concluded that based upon the evidence presented, the locality at issue in this case pursuant to DR 2–106(B)(3) was not just an eleven-county area of northern Ohio, but was the entire state of Ohio. The trial court therefore found that the fee of $350 an hour was customary in the locality for similar legal services.

We agree with the trial court that the evidence presented in this case shows that the locality to be considered in relation to DR 2–106(B)(3) is the state of Ohio. Appellee's attorneys presented evidence showing that they accept cases from all parts of Ohio and from states other than Ohio. They regularly conduct trials and appeals in all parts of Ohio. Their reputation as successful trial attorneys permits them to conduct a statewide practice from a law office located in Sandusky, Ohio. This court is not persuaded that the purpose of DR 2–106(B)(3) is to compel attorneys who accept cases from various parts of a state (or from more than one state) to vary their hourly fees based upon the prevailing fees charged by other attorneys who do not conduct a statewide practice but who limit their practice to a smaller geographical area. The evidence presented to the trial court showed that the fee of $350 an hour was commensurate with the fees charged by other attorneys in the state of Ohio who have expertise on a par with the expertise of appellee's attorneys. Accordingly, this court cannot find that the trial court abused its discretion when it ruled that a fee of $350 an hour was customarily charged in the locality for similar legal services.

■ This court does find, however, that appellant's Assignment of Error E is well taken to that extent that the trial court abused its discretion when it ruled that the hourly fee should be increased to $400 an hour. A careful analysis of the evidence and of the factors in DR 2–106 shows nothing that would support the trial court's conclusion that the hourly fee should be raised to $400 per hour. See *Freeman*, 90 Ohio App.3d at 557–558, 630 N.E.2d at 26–27. Accordingly, due to

the parties' stipulation, the remaining assignments of error and cross-assignments of error are dismissed.

The judgment of the Ottawa County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings consistent with this decision. Appellant is ordered to pay the court costs of this appeal.

*Judgment accordingly.*

HANDWORK, GLASSER and SHERCK, JJ., concur.