TURNER, Appellant,

v.

PROGRESSIVE CORPORATION, Appellee.

[Cite as *Turner v. Progressive Corp.* (2000), 140 Ohio App.3d 112.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 77353 and 77568.

Decided Oct. 30, 2000.

*Robert S. Belovich,* for appellant.
*Ronna F. Ruppelt,* for appellee.

PORTER, Judge.

Plaintiff-appellant Ronnie M. Turner appeals from the trial court's judgment on remand increasing an award of attorney fees to plaintiff from $3,000 to $4,500. Plaintiff contends that the trial court erred and abused its discretion in not articulating sound reasons for reducing the proposed lodestar amount from $17,940 to $4,500. For the reasons hereinafter stated, we find merit to the appeal and reverse and remand for the trial court to comply with the mandate of this court.

This is the second time the parties are on appeal from the trial court's attorney fee determination. In *Turner v. Progressive Corp.* (Oct. 28, 1999), Cuyahoga App. No. 76524, unreported, 1999 WL 980395 (*Turner I*), we reversed the attorney fee award of $3,000 and remanded for the trial court to "provide a concise but clear explanation of its reasons for the fee award * * * listing the factors it took into consideration and stating the basis for the fee determination." *Id.* at 8. Unfortunately, we find that the trial court's adjustment to the fee award failed to comport with this court's mandate. A restatement of the history of the case will be helpful in explaining the reasons for this second review and reversal.

This case originated when plaintiff brought suit against his former employer, defendant Progressive Casualty Insurance Company. The complaint alleged that Progressive failed to maintain records of overtime work and failed to pay him

overtime compensation in violation of R.C. 4111.03 and the Fair Labor Standards Act, Section 207 *et seq.*, Title 29, U.S.Code. He also asserted in his complaint that he was terminated from his employment in retaliation for his request for overtime compensation and that Progressive was liable to plaintiff for wrongful discharge.

On March 3, 1999, during the final pretrial, the parties entered into a settlement agreement providing for payment of $5,000 to plaintiff for a full release. Attorney fees and costs were to be determined by the court. On March 18, 1999, plaintiff filed his application for attorney fees pursuant to Section 216(b), Title 29, U.S.Code, seeking $17,940 in fees and $849.60 in costs. In support of this application, plaintiff provided copies of two fee agreements between plaintiff and his attorney. The first agreement, dated November 10, 1997, provided that counsel would represent plaintiff on all claims arising out of his employment at a rate of $200 per hour. On February 9, 1998, a superseding agreement provided for a contingency fee payment. The application also contained two itemized statements of the services rendered by counsel and a brief in support.

The trial court held an evidentiary hearing on the fee application on March 22, 1999. At the hearing, plaintiff presented the testimony of Ellen Simon, an experienced employment attorney, who testified that the prevailing rate that attorneys charge for employment claims is between $200 and $300 per hour. Plaintiff's counsel then testified the he had spent ninety hours pursuing plaintiff's claims and that he charged plaintiff $200 per hour for his services.

On May 26, 1999, the trial court announced its decision awarding plaintiff $3,000 in attorney fees and no costs. Progressive timely appealed this award.

On October 28, 1999, this court issued a journal entry and opinion in *Turner I,* which reversed the judgment of the trial court. This court held:

"The foregoing does not indicate which factors the trial court considered in deriving its adjustment to the lodestar amount of attorney fees and the trial court failed to state the basis for its fee determination. Absent such a statement, it is not possible for us to conduct a meaningful review and to determine what factors the court considered or the weight, if any, it placed on those factors.

"We are therefore compelled to reverse the attorney fee award and remand the matter to the trial court. Upon remand, the trial court is not required to hold a hearing or consider additional evidence. Rather, the court must provide a concise but clear explanation of its reasons for the fee award. In addition, the court should not feel compelled to reconsider its fee determination. We merely instruct the trial court to issue an order listing the factors it took into consideration and stating the basis for the fee determination."

On November 18, 1999, following the reversal and remand, without further briefing or hearing, the trial court signed a new judgment entry that stated:

"The award of attorney fees is made in the amount of $3,000 taking into consideration the fee bill submitted in light of time and labor reasonably required in such a case, the simplicity of issues, awards in similar cases and other factors alluded to in [*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* (1986)] 478 U.S. 546 [106 S.Ct. 3088, 92 L.Ed.2d 439]."

Plaintiff filed a timely notice of appeal from that decision on December 6, 1999. On January 6, 2000, the trial court issued another judgment entry attempting to comply with this court's previous mandate. This entry stated in full text:

"The following entry is made pursuant to the mandate of the Eighth District Court of Appeals.

"The Court has previously made the finding that the Plaintiff is entitled to an award of attorney fees in the amount of $3,000.

"In calculating the award, the Court has made deductions from the 'lodestar' based upon the fact that the issues presented were neither difficult nor novel. Furthermore, the Court considered the amount involved and results obtained in the litigation.

"Finally, the Court concluded that 30 hours alleged to have been expended on preparation of the attorney fee argument were not properly part of the 'lodestar.'

"What this Court has failed to consider in its original finding is the congressional policy underlying the statute which provides for these attorney fees. The Court's initial award of $3,000 does not encourage the vindication of congressionally identified policies.

"Taking this congressionally-mandated philosophy into account, the Court awards attorney fees in the amount of $4,500. The increase in the award represents the Court's attempt to protect effective access to the judicial process given these circumstances.

"IT IS SO ORDERED."

On January 31, 2000, plaintiff filed a notice of appeal from this order. Thereafter, plaintiff filed a motion to consolidate or dismiss the earlier appeal and on February 7, 2000, this court denied the motion to dismiss as moot and ordered the appeals consolidated.

Plaintiff's sole assignment of error states:

"The trial court erred in making an award of attorney's fees to a prevailing plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and Ohio

Revised Code § 4111.10 by failing to calculate the lodestar amount of fees and then explaining any adjustments to the lodestar."

It is well established that the first step in determining an award of attorney fees is the computation of the lodestar figure. In *Simmons v. BVM, Inc.* (Aug. 31, 1995), Cuyahoga App. No. 68502, 1995 WL 517032, this court explained the determination as follows:

"The starting point in determining the amount of fees to award under the statute is computing the lodestar figure for the fee applicant. *Blum v. Stevenson [Stenson]* (1984), 465 U.S. 886, 888 [104 S.Ct. 1541, 1543–1544, 79 L.Ed.2d 891, 895–896]; *Hensley v. Eckerhart* (1983), 461 U.S. 424 [103 S.Ct. 1933, 76 L.Ed.2d 40]; *Murray [v. Weinberger* (C.A.D.C., 1984)], 741 F.2d [1423] at 1427; *Mayson v. Pierce* (C.A.11, 1987), 806 F.2d 1556, 1557. The lodestar is the number of hours expended multiplied by a reasonable hourly rate. *City of Burlington v. Daque [Dague]* (1992), 505 U.S. 557 [559–561], 112 S.Ct. 2638, 2640 [120 L.Ed.2d 449, 454–456]; *Blum,* 465 U.S. at 888 [104 S.Ct. at 1543–1544, 79 L.Ed.2d at 895–896]; *Hensley,* 461 U.S. at 433 [103 S.Ct. at 1939, 76 L.Ed.2d at 50]. 'Reasonable fees' are to be calculated according to the prevailing market rates in the relevant community. *Blum,* 465 U.S. at 895 [104 S.Ct. at 1547, 79 L.Ed.2d at 899–900]; *Leffler v. Meer* (C.A.7, 1991), 936 F.2d 981, 985. The lodestar amount then can be increased or decreased as necessary to reflect the results achieved. *Blum,* 465 U.S. at 888 [104 S.Ct. at 1543–1544, 79 L.Ed.2d at 895–896]; *Leffler,* 936 F.2d at 985. However, the lodestar usually presents reasonable attorney fees within the meaning of the statute. *Blum,* 465 U.S. at 898 [104 S.Ct. at 1548–1549, 79 L.Ed.2d at 901–902]; *Hensley,* 461 U.S. at 434 [103 S.Ct. at 1939–1940, 76 L.Ed.2d at 50–51]; *Murray,* 741 F.2d at 1428; *Grant v. Martinez* (C.A.2, 1992), 973 F.2d 96, 101; *Bernardi v. Yeutter* (C.A.9, 1991), 951 F.2d 971, 975."

As far as the record reveals herein, the trial court failed to make a lodestar determination. Specifically, it failed to make a determination of the reasonable hourly rate and the hours reasonably expended, and, as a result, we are compelled to again reverse and remand this case to the trial court for such a determination.

The testimony of plaintiff's counsel and expert witness established that $200 was a reasonable hourly rate charged by attorneys for employment claims and that plaintiff's counsel spent ninety hours pursuing claims in this case. Thus, the lodestar figure should have been initially calculated at around $18,000 ($200 × 90 hours).

If the court deviates from the lodestar, it must provide a clear explanation. *Hensley v. Eckerhart* (1983), 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40, 52–53; *Leffler v. Meer* (C.A.7, 1991), 936 F.2d 981, 985; *Bernardi v.*

*Yeutter* (C.A.9, 1991), 951 F.2d 971, 974. This court previously explained the difficulty in reviewing attorney fee awards without sufficient explanation as follows:

" 'We conclude that a fee calculated in terms of hours of service provided is the fairest and most manageable approach. The district court should indicate on the record the number of hours it finds the plaintiff's attorneys have expended on the case. This finding must first take into account the affidavits of counsel. The hours claimed need not be automatically accepted by the district court, but to the extent that hours are rejected, the court must indicate some reason for its action, so that we may determine whether the court properly exercised its discretion or made an error of law in its conclusion. Hours may be cut for duplication, padding or frivolous claims. In complicated cases, involving many lawyers, we have approved the arbitrary but essentially fair approach of simply deducting a small percentage of the total hours to eliminate duplication of services. *Oliver v. Kalamazoo Bd. of Educ.*, 576 F.2d 714 (6th Cir.1978). Such an approach seems preferable to an attempt to pick out, here and there, the hours which were duplicative.

" 'Beyond this allowance for duplicative services, however, we hold that if a district court decides to eliminate hours of service adequately documented by the attorneys, it must identify those hours and articulate its reasons for their elimination. The district court's failure to do so in this case renders its award virtually unreviewable. It has simply eliminated, without comment, hundreds of hours of documented service. The 1977 Award must therefore be remanded for entry of findings of fact and conclusions of law adequate to permit our review of the award. *Monroe v. Bd. of Comm'rs of Jackson*, 505 F.2d 105, 109 (6th Cir.1974). To the extent that the district courts' unspoken assumptions about awards of attorneys' fees are inconsistent with this opinion, the award should be recalculated.' " *Simmons, supra*, quoting *Northcross v. Memphis City Schools Bd. of Edn.* (C.A.6, 1979), 611 F.2d 624, 636.

There is no indication in this record that the trial court ever considered the evidence or calculated the lodestar amount prior to making its $3,000 award. The trial court subsequently increased this award to $4,500 in its January 6, 2000 order. However, even though the trial court did provide some explanation for its $4,500 award, it failed to sufficiently explain its significant deviation from any reasonable lodestar figure. We find that the trial court's explanation for its deviation that the issues presented were neither difficult nor novel is inadequate for proper review absent a lodestar determination.

We further find that the trial court abused its discretion in concluding that "30 hours alleged to have been expended on preparation of the attorney fee argument were not properly part of the 'lodestar.' " It is well established that

the time spent in establishing entitlement to an amount of attorney fees is compensable. *Clark v. Los Angeles* (C.A.9, 1986), 803 F.2d 987, 992; *Northcross, supra*, at 637. Counsel is also entitled to fees for his representation during the appellate process. *Simmons, supra*, citing *Finch v. Vernon* (C.A.11, 1989), 877 F.2d 1497, 1508; *Toussaint v. McCarthy* (C.A.9, 1987), 826 F.2d 901, 904; *Lowry v. Whitaker Cable Corp.* (C.A.8, 1973), 472 F.2d 1210. The reasoning for this compensation was set forth in *Gagne v. Maher* (C.A.2, 1979), 594 F.2d 336:

" 'If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased. * * * Such a result would not comport with the purpose behind most statutory fee authorizations, *viz*, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.' " *Id*. at 344, quoting *Prandini v. National Tea Co.* (C.A.3, 1978), 585 F.2d 47, 53.

However, this error is also unreviewable without the threshold lodestar determination.

Pursuant to the foregoing discussion, we reverse and remand to the trial court to determine the amount of the lodestar fee under the *Northcross* and *Simmons* cases and to explain any deviations from the lodestar including the amount and the reasons for the deviation in written findings. The award should include costs reasonably incurred. The court should likewise address an award for the time expended on the attorney fee application and fix a reasonable fee for the plaintiff's appellate efforts on both appeals. Only by such a route and delineation can we fairly review the trial court's decision.

Plaintiff's sole assignment of error is sustained.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

O'DONNELL, P.J., and BLACKMON, J., concur.