JOURNAL ENTRY and OPINION
{¶ 1} Appellant Ronnie Turner claims the trial court's award of attorney fees is deficient as a matter of law and assigns the following as error for our review:
 {¶ 2} THE TRIAL JUDGE ERRED IN FAILING TO MAKE A DETERMINATION OF ATTORNEY'S FEES IN ACCORDANCE WITH THE MANDATE OF THIS COURT IN RONNIE M. TURNER V. THE PROGRESSIVE CORPORATION, NOS. 77353/77568.
 {¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 4} This court has thrice remanded this matter to the trial court for a proper determination of attorney fees stemming from litigation between Turner and The Progressive Corporation. The recurring issue is whether the trial court properly arrived at its award.
 {¶ 5} The facts of the underlying litigation are not relevant to this opinion; however, we are compelled to relay the procedural steps that again brought this case to our bench. On October 28, 1999, this court, in Turner I[1] determined the trial court's $3,000 award of attorney fees failed to "indicate which factors the trial court considered in deriving its adjustment to the lodestar amount of attorney fees and [sic: the] trial court failed to state the basis for its fee determination." Accordingly, we reversed the trial court's decision and remanded the matter for the trial to "provide a concise but clear explanation of its reasons for the fee award."[2] On November 18, 1999, the trial court responded with the following journal entry:
 {¶ 6} The award of attorney fees is made in the amount of $3,000 taking into consideration the fee bill submitted in light of time and labor reasonably required in such a case, the simplicity of issues, awards in similar cases and other factors alluded to in 478 U.S. 546.
 {¶ 7} On December 6, 1999, Turner appealed to us from that decision. After Turner filed his notice of appeal and before we rendered a decision on the merits, the trial court journalized another entry stating:
 {¶ 8} The following is made pursuant to the Eighth District Court of Appeals.
 {¶ 9} The Court has previously made the finding that the Plaintiff is entitled to an award of attorney fees in the amount of $3,000.
 {¶ 10} In calculating the award, the Court has made deductions from the "lodestar" based upon the fact that the issues presented were neither difficult nor novel. Furthermore, the Court considered the amount involved and results obtained in the litigation.
 {¶ 11} Finally, the Court concluded that 30 hours alleged to have been expended on preparation of the attorney fee argument were not properly part of the "lodestar."
 {¶ 12} What this court has failed to consider in its original finding is the congressional policy underlying the statute which provides for these attorney fees. The Court's initial award of $3,000 does not encourage the vindication of congressionally identified policies.
 {¶ 13} Taking this congressionally-mandated philosophy into account, the Court awards attorney fees in the amount of $4,500. The increase in the award represents the Court's attempt to protect effective access to the judicial process given these circumstances.
 {¶ 14} Turner filed a notice of appeal from this order as well, which we consolidated with his previous notice.
 {¶ 15} On October 19, 2000, we released Turner II[3] in which we again determined the trial court failed to make an adequate lodestar determination. Further, we stated:
 {¶ 16} [E]ven though the trial court did provide some explanation for its $4,500 award, it failed to sufficiently explain its significant deviation from any reasonable lodestar figure. We find that the trial court's explanation for its deviation * * * is inadequate for proper review absent a lodestar determination.
 {¶ 17} We further find that the trial court abused its discretion in concluding that "30 hours alleged to have been expended on preparation of the attorney fee argument were not properly part of the `lodestar.'" It is well established that the time spent in establishing entitlement to an amount of attorney fees is compensable.
 {¶ 18} * * *
 {¶ 19} Pursuant to the foregoing discus-sion, we reverse and remand to the trial court to determine the amount of the lodestar fee under * * * Northcross v. Board of Ed. of Memphis City Schools and Simmons v. BVM, Inc., 1995 Ohio App. LEXIS 3796 (Aug. 31, 1995), Cuyahoga App. No. 68502 cases afore said and to explain any deviations from the lodestar including the amount thereof and the reasons for the deviation in written findings. The award should include costs reasonably incurred. The court should likewise address an award for the time expended on the attorney fee application and fix a reasonable fee for the plaintiff's appellate efforts on both appeals. Only by such a route and deliniation [sic] can we fairly review the trial court's decision.[4]
 {¶ 20} On October 25, 2000, the trial court journalized a responsive entry. Although this entry followed our announcement date, the trial court lacked jurisdiction to act on this matter until ten days after announcement.[5] Consequently, we treated the appeal as prematurely filed,[6] and again remanded this matter to the trial court for it to issue a final appealable order.
 {¶ 21} In response to our remand order, on December 20, 2001, the trial court journalized the following entry which timely brings the matter before us:
 {¶ 22} The Court finds that the record indicates the performance of 90 hours @ $200 per hour. This represents $18,000 in attorney fees which is the lodestar. The Court is deviating from this amount as the record does not establish the need for nor the performance of 30 hours to prepare for attorney fee agreement, nor does the evidence establish the performance of 90 hours on the case file. Fees awarded of $4,500 as previously ordered by this court.
 {¶ 23} Having determined this case is now properly before us, we turn our attention to the substantive issue. For the following reasons, we conclude the trial court has satisfied our remand order.
 {¶ 24} As we have stated in each rendition of this appeal, in determining an award of attorney fees the trial court must first determine the lodestar which results from factoring the number of hours reasonably expended by a reasonable hourly rate.[7] The court may then deviate from this presumptively reasonable fee to reflect, among other considerations, the results achieved.[8] If the court finds cause to deviate from the lodestar, it must "provide a concise but clear reason for its fee award."[9] The lodestar is not simply a product of hours billed and hourly rate charged; it is the product of reasonable hours billed and a reasonable hourly rate.
 {¶ 25} Here, the trial court multiplied hours billed and the hourly rate submitted, and called that product the lodestar. The court then deducted thirty hours as unnecessary and a further unspecified number of hours as unperformed, and called it the deviation. While the trial court correctly excluded these unnecessary and unperformed hours from the calculation of compensable attorney fees, the trial court mistakenly considered these hours relevant to the deviation from the lodestar rather than relevant to the lodestar itself. Nonetheless, the trial court's mistake is merely semantic, and does not substantively bear on its determination of how much compensation is due. Further, although the trial court confused the terminology and considered lodestar factors as reasons for deviation, the trial court accomplished its purpose. By deducting the unnecessary and unperformed hours from the hours proffered into evidence, the trial court effectively gave us a lodestar of $4,500. The court did not deviate from this lodestar amount of $4,500. Thus, $4,500 is the final award. Accordingly, Turner's assigned error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCUR; JAMES D. SWEENEY, P.J., CONCURS INJUDGMENT ONLY.
[1] 1999 Ohio App. LEXIS 5083 (Oct. 28, 1999), Cuyahoga App. No. 76524.
[2] Turner, supra, citing Hensley v. Eckerhart (1983), 461 U.S. 424,437, 103 S.Ct. 1933.
[3] Turner v. The Progressive Corporation (2000), 140 Ohio App.3d 112,746 N.E.2d 702.
[4] Id. at 117-118, 746 N.E.2d at 706-707,
[5] See App.R. 22(B)(D), 26(A); Local App.R. 22.
[6] See App.R. 4(C).
[7] Turner I, supra and Turner II, supra, citing Hensley, supra.
[8] See Hensley, supra citing Johnson v. Georgia Highway Express,Inc. (C.A.5 1974), 488 F.2d 714.
[9] Hensley, supra at 437, 103 S.Ct. at 1941.