**VILLAGE OF WEST UNITY ex rel. BELTZ, Appellant,**

v.

**MERILLAT, Mayor, et al., Appellees.**

[Cite as *W. Unity ex rel. Beltz v. Merillat,* 169 Ohio App.3d 71, 2006-Ohio-5105.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–05–015.

Decided Sept. 29, 2006.

72

Joseph M. D'Angelo and Joseph J. Guarino III, for appellant.

Ryan S. Thompson, for appellees.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court following the judgment of the Williams County Court of Common Pleas ordering the village of West Unity to pay attorney fees in the amount of $12,000 to appellant's attorney. For the reasons set forth herein, we reverse the judgment and remand the cause.

{¶ 2} This taxpayer suit was previously before this court in *W. Unity ex rel. Beltz v. Merillat,* 6th Dist. No. WM–03–016, 2004-Ohio-2682, 2004 WL 1171179 ("*W. Unity I* "). This matter originally arose as a result of appellant's challenge to a public-improvement cost estimate under Ohio's Prevailing Wage Law, R.C. 4115.03 to 4115.16. The subject of the prior appeal was the trial court's denial of appellant's application for an injunction and for a writ of mandamus.

{¶ 3} In our previous decision, the issue before this court was whether a "fair estimate" of the total overall cost of the construction of a public improvement must automatically include the cost of labor based on the prevailing wage in the locality at the time the project is let out for bidding. We concluded that it must. *W. Unity I* at ¶ 30. Therefore, we reversed the judgment of the trial court. Because the construction was already completed, we could not afford appellant his requested injunctive relief or a writ of mandamus. Id. at ¶ 36. However, we noted that we could award appellant his demand for court costs and attorney fees. Id. Therefore, we remanded the cause "for a determination of appellant's costs, including his attorney's fees." Id. at ¶ 37.

{¶ 4} Upon remand, on February 23, 2005, appellant filed a memorandum and affidavit in support of attorney fees and costs of appellant's attorney, Joseph M. D'Angelo, seeking $105,032.50. On March 4, 2005, appellees filed a memorandum in response seeking a significant "discount" of the so-called lodestar amount as well as costs. On April 12, 2005, appellant filed a reply memorandum.

{¶ 5} After a motion filed by appellees, the trial court held a hearing on the matter on June 16, 2005. On July 13, 2005, appellant filed a surreply brief on fees and costs, adding $13,262 in attorney fees, bringing the total request to $118,294.50. On October 19, 2005, the trial court entered a judgment entry awarding appellant's attorney a discounted amount of $12,000 in attorney fees. It is from this judgment that appellant appeals, asserting the following assignments of error:

{¶ 6} "I. The Trial Court committed reversible error in refusing to award any fees for time expended by law clerks.

{¶ 7} "II. The Trial Court erred in finding the reasonable hourly Rate for Attorney D'Angelo to be $100 per hour.

{¶ 8} "III. The Trial Court erred by reducing the lump sum of Attorney D'Angelo's hours by two-third based solely on the hours Appellee's counsel expended.

{¶ 9} "IV. The Trial Court abused its discretion in disregarding Appellant's Supplemental Fee Request."

{¶ 10} R.C. 4115.16(D) provides that upon a court's finding that a violation of the prevailing-wage law has occurred, the court shall award attorney fees and court costs to the prevailing party. Further, with regard to taxpayer suits against a municipal corporation, R.C. 733.61 provides: "If the court hearing a case under section 733.59 of the Revised Code is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney." We recognized this authority in the original appeal by remanding the cause "for a determination of appellant's costs, including his attorney's fees." *W. Unity I* at ¶ 37.

{¶ 11} "[W]here a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court." *Brooks v. Hurst Buick–Pontiac–Olds–GMC, Inc.* (1985), 23 Ohio App.3d 85, 91, 23 OBR 150, 491 N.E.2d 345. See, also, *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 12} Relative to the calculation of attorney fees, we have held:

{¶ 13} "Generally, when awarding reasonable attorney fees, the trial court should calculate the number of hours reasonably expended and multiply that number by the hourly fee. See [*Bittner*] at syllabus. Thereafter, the trial court 'may modify that calculation by application of the factors listed in DR 2–106(B).' Id. DR 2–106(B) states:

{¶ 14} " 'Factors to be considered as guides in determining the reasonableness of a fee include the following:

{¶ 15} " '(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

{¶ 16} " '(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

{¶ 17} " '(3) The fee customarily charged in the locality for similar legal services.

{¶ 18} " '(4) The amount involved and the results obtained.

{¶ 19} " '(5) The time limitations imposed by the client or by the circumstances.

{¶ 20} " '(6) The nature and length of the professional relationship with the client.

{¶ 21} " '(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

{¶ 22} " '(8) Whether the fee is fixed or contingent.'

{¶ 23} *"Bittner* recognized, however, that all of these factors 'may not be applicable in all cases' and that 'the trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation.' " *Hess v. Toledo* (2000), 139 Ohio App.3d 581, 586–587, 744 N.E.2d 1236, quoting *Bittner* at 146, 569 N.E.2d 464.

{¶ 24} All of appellant's assignments of error essentially challenge the reasonableness of the trial court's award of attorney fees and costs, which was clearly heavily discounted from the amount requested. Initially, we find it necessary to discern the trial court's review process as demonstrated by the record. Although the matter was scheduled for a June 16, 2005 hearing, the only transcript in the record is the partial transcript testimony of relator Jeff Beltz. This testimony relates to the scope of the apparently oral agreement for attorney D'Angelo's services. Without a transcript of the hearing, this court is left with the rather minimal analysis by the trial court in its October 19, 2005 judgment entry, and this serves as the basis for our review. We also note that a trial court's failure to articulate its reasons for varying from an adequately documented lodestar amount can render an award virtually unreviewable. See *Simmons v. BVM, Inc.* (Aug. 31, 1995), 8th Dist. No. 68502, 1995 WL 517032.

{¶ 25} In his first assignment of error, appellant argues that the trial court abused its discretion when it essentially treated the law-clerk and paraprofessional fees requested as overhead expense with no award. We agree with appellant that it is clear from the trial court's calculation of the $12,000 award (120 discounted hours by attorney D'Angelo multiplied by the $100 discounted hourly rate) that the trial court did not award anything for law-clerk and paraprofessional fees.

{¶ 26} In support of his contentions that the trial court erred in failing to award any law-clerk or paraprofessional fees, appellant cites several cases. Appellees respond that none of these cases involves the specific attorney-fees statute at issue in the present case, R.C. 733.61. In *Scheiderer & Assoc. v.*

*London* (Aug. 5, 1996), 12th Dist. No. CA95–08–022, 1996 WL 435312, the court examined the reasonableness of awarding certain litigation expenses, including paralegal fees, as an award of attorney fees under R.C. 2323.51 as a sanction for appellant's frivolous conduct. The court found that the trial court did not abuse its discretion in awarding these fees, noting that when properly employed, these paraprofessionals "may decrease litigation expenses, and their use should not be discouraged." Id. Pursuant to *Non–Employees of Chateau Estates Resident Assn. v. Chateau Estates, Ltd.,* 2nd Dist. No. 2004 CA 19, 2004-Ohio-3781, 2004 WL 1587234, at ¶ 33, and *Jackson v. Brown* (1992), 83 Ohio App.3d 230, 614 N.E.2d 847, attorney fees under R.C. 5321.15 landlord/tenant law includes the work of law clerks and legal interns. Finally, in *Specht v. Finnegan,* 149 Ohio App.3d 201, 2002-Ohio-4660, 776 N.E.2d 564, in the context of a public-records and open-meeting case, we have stated that paralegal fees are compensable as an element of attorney fees. Id. at ¶ 44, citing *Jackson* at 232, 614 N.E.2d 847.

{¶ 27} Although *Scheiderer, Chateau Estates,* and *Specht* involved attorney fees under statutes other than R.C. 733.61 for taxpayer suits, the principles have application in the present case. None of these statutes specifically mention paraprofessional or law-clerk fees, but rather use the term "attorney fees" and "costs." Pursuant to *Scheiderer, Chateau Estates,* and *Specht,* it is not an abuse of discretion *to award them* in appropriate cases. We cannot say that it is necessarily an abuse of discretion to refuse to award them. However, we remand this matter for a further consideration and discussion by the trial court regarding the reasons for either failing to award these fees or, alternatively, for awarding these fees.

{¶ 28} In his second assignment of error, appellant argues that the trial court abused its discretion in finding the reasonable hourly rate for attorney D'Angelo, a Toledo-based attorney with specialized experience in the area of prevailing-wage law, was $100, the allegedly common rate in Williams County. Appellant cites the 2004 Desktop Reference on the Economics of Law Practice in Ohio. Appellant also cites the favorable results he obtained for his client on what we termed in the original appeal, "a question of public or great general interest." *W. Unity I* at ¶ 17.

{¶ 29} In the present case, the trial court stated that it applied the criteria for fees and legal services contained in DR 2–106. However, the trial court did not state specifically which criteria.

{¶ 30} In the past, this court has not been persuaded that the purpose of DR 2–106(B)(3) is to compel attorneys who accept cases from various parts of a state (or from more than one state) to vary their hourly fees based upon the prevailing fees charged by other attorneys who do not conduct a statewide practice but who limit their practice to a smaller geographical area. See

*Hamilton Mut. Ins. Co. v. Perry* (1997), 124 Ohio App.3d 147, 152, 705 N.E.2d 731. We agree with appellant that the evidence presented in this case shows that the locality to be considered in relation to DR 2–106(B)(3) is not so narrow as Williams County, Ohio. Appellant's attorney presented evidence showing that he has conducted an 11–year litigation and labor-law practice from a law office located in Toledo, Ohio. The evidence presented to the trial court showed that the fee of $200 an hour was commensurate with the fees charged by other attorneys based in Toledo who have expertise on par with the expertise of appellant's attorney. Accordingly, this court finds that the trial court abused its discretion when it ruled that a fee of $100 an hour was customarily charged in the locality for similar legal services.

{¶ 31} In his third assignment of error, appellant contends that the trial court abused its discretion when it arbitrarily cut attorney D'Angelo's hours by two-thirds based solely on the hours appellees' counsel expended on his ill-conceived arguments that ultimately failed. Appellant's third assignment of error implicates DR 2–106(B)(1) and (4): the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, and the results obtained.

{¶ 32} In the present case, the trial court concluded that the time claimed was "overstated by a factor of 3." The only apparent observation that led to this conclusion was stated by the trial court as follows: "[A]lthough it is not a direct measure of the time required by Mr. D'Angelo to perform these services, the Court notes that opposing counsel in the aggregate billed just over 81 hours to defend the same case."

{¶ 33} *Chateau Estates* involved five issues, including a complex water-safety issue, which required a large amount of time and effort, and on which the plaintiffs were ultimately successful. Thus, the court concluded that the trial court "vastly underestimated" the attorneys' time. Id. at ¶ 39. The appellate court ended up performing the attorney-fees calculation itself because of the trial court's "obstinance" in ignoring the appellate court's guidance on this issue in a prior appeal. Id. at ¶ 37, 40.

{¶ 34} In *Specht*, we found no abuse of discretion when the trial court discounted attorney fees for an admittedly inexperienced attorney because the trial court "examined the fees at length against the factors enumerated in DR 2–106." Id. at ¶ 48. In contrast to *Specht*, in the present case, we have no evidence of thoughtful consideration by the trial court. Further, in contrast to *Specht*, there is no evidence that appellant's attorney was inexperienced and, therefore, possibly inefficient, and appellant was successful on all the substantive prevailing-wage-law issues raised.

{¶ 35} Similar to the court's finding in *Chateau Estates*, we believe that the trial court underestimated attorney D'Angelo's time. However, we decline to perform the attorney-fees calculation ourselves and remand the cause for a further, thoughtful, *Specht*-like consideration.

{¶ 36} In his final assignment of error, appellant asserts that the trial court abused its discretion in disregarding appellant's supplemental fee request, which was necessitated by appellees' ongoing opposition to appellant's attorney fees. As with the law-clerk and paraprofessional fees, it is clear from the trial court's simple calculation of the $12,000 award that the trial court disregarded appellant's supplemental fee request for the additional time that D'Angelo and his staff spent on the attorney-fees issues continuing to be raised by appellees after appellant's filing of the initial request.

{¶ 37} In support, appellant cites *Turner v. Progressive Corp.* (2000), 140 Ohio App.3d 112, 746 N.E.2d 702. In *Turner*, the Eighth District Court of Appeals held that the trial court abused its discretion in concluding that the time the attorney spent preparing the attorney-fee argument was not properly part of the lodestar. Id. at 117–118, 746 N.E.2d 702. The court found that to consistently fail to compensate an attorney for this time " 'would not comport with the purpose behind most statutory fee authorizations, viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.' " Id. at 118, 746 N.E.2d 702, quoting *Gagne v. Maher* (C.A.2, 1979), 594 F.2d 336, 344. The court remanded the case, in part, for the trial court to "address an award for the time expended on the attorney fee application."

{¶ 38} Appellees contend that *Turner* has no application in the present case because the state prevailing-wage law at issue does not implicate congressional policies like the Fair Labor Act did in *Turner*. We find, however, that the principle articulated in *Turner* still has application to state policies, such as the prevailing-wage law. That is, to fail to compensate an attorney for the time spent preparing the attorney-fee argument, without any explanation by the trial court, would not comport with the purpose behind most statutory fee authorizations, namely, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating state policies. We remand for the trial court to address, at a minimum, an award for the time expended on the attorney-fee application under appellant's supplemental fee request.

{¶ 39} Therefore, to the extent herein described, appellant's assignments of error are found well taken. The Williams County Court of Common Pleas award of $12,000 for attorney fees is reversed, and the issue of fees is remanded to the trial court for a redetermination of a reasonable fee and findings that rationally articulate why appellant is not entitled to the claimed lodestar award. Appellees

are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.

Judgment reversed<br>and cause remanded.

SKOW, J., concurs.

HANDWORK, J., concurs in part and dissents in part.

HANDWORK, J., concurring in part and dissenting in part.

{¶ 40} I concur in all respects with the decision of the majority, with one exception. The majority remands the cause to the trial court for the purposes of further consideration and discussion of the issue of whether paraprofessional (paralegal) or law-clerk fees may be awarded as part of the attorney-fee award, suggesting that "[w]e cannot say that it is necessarily an abuse of discretion to refuse to award them."

{¶ 41} In light of *Scheiderer, Chateau Estates,* and *Specht,* and because of the fact that we clearly consider this case an appropriate case for the award of attorney fees, I would find that the failure to award paraprofessional (paralegal) fees and law-clerk fees was an abuse of discretion and would remand only for the trial court to include the hours submitted for these fees as part of the award of attorney fees.