[Cite as *In re Estate of Sickmiller*, 2013-Ohio-3788.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

IN THE MATTER OF:                    CASE NO. 11-13-01
THE ESTATE OF
MARJORIE SICKMILLER

                                     **O P I N I O N**

[DEWAYNE EVANS - APPELLANT.]

Appeal from Paulding County Common Pleas Court
Probate Division
Trial Court No. 20121031

Appeal Dismissed

Date of Decision:  September 3, 2013

APPEARANCES:

  *David Meekison* for Appellant

  *James M. Sponseller* for Appellee

**ROGERS, J.**

{¶1} Exceptor-Appellant, DeWayne Evans, appeals the judgment of the Paulding County Court of Common Pleas, Probate/Juvenile Division, denying his exception to the Inventory of the Estate of Marjorie Sickmiller ("the Estate"). On appeal, Evans argues that the trial court erred in determining that the firearms found in Sickmiller's house after her death constituted property of the Estate. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

{¶2} Sickmiller died testate on February 19, 2012. Evans is one of Sickmiller's children. On August 27, 2012, the Estate's Administrator filed an Inventory of Assets ("the Inventory"). The Inventory listed the following relevant items as assets of the Estate: (1) $18,550.00 in firearms found in Sickmiller's house after her death; and (2) an approximate debt of $21,000.00 owed by Evans to Sickmiller. On September 26, 2012, Evans filed an exception challenging the listing of these items as assets of the Estate. Specifically, he claimed that the firearms belonged to him and that he owed Sickmiller a much more modest debt of approximately $700.00.

{¶3} On December 9, 2012, the trial court held a hearing on Evans' exception to the listing of the firearms in the Inventory. On December 18, 2012, the trial court issued a judgment entry denying Evans' exception regarding firearms. The entry includes the following pertinent language:

> Therefore the Court FINDS and ORDERS that the exception regarding the firearms is NOT WELL TAKEN and the firearms are the property of the estate of Marjorie Sickmiller. * * *
>
> The remaining issue regarding the amount of debt owed [to] the Estate by DeWayne Evans shall proceed following the filing of the necessary complaints. As all parties are aware, the undersigned will be unavailable for further hearing until late March, 2013.
>
> IT IS SO ORDERED. (Emphasis sic.) (Judgment Entry of Dec. 18, 2012, p. 6).

{¶4} On December 31, 2012, Evans filed another exception to the Estate's Inventory. This exception again challenged the amount of the debt Evans purportedly owed to the Estate. No hearing was held on this exception and the trial court never issued a judgment entry disposing of it. The trial court also failed to issue a judgment entry approving a final inventory.

{¶5} Evans filed this appeal, presenting the following assignment of error for our review.

### Assignment of Error

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REJECTING MR. EVANS' EXCEPTION AND HOLDING THAT THE FIREARMS LISTED IN THE INVENTORY ARE THE PROPERTY OF THE ESTATE OF MARJORIE SICKMILLER.**

{¶6} Before we can reach the merits of Evans' assignment of error, we must preliminarily decide whether the trial court's judgment entry was a final, appealable order. The Ohio Court of Appeals is only vested with appellate jurisdiction over final and appealable orders. Ohio Constitution, Article IV, Section 3(B)(2). This jurisdictional limit is intrinsically linked with R.C.

-3-

2505.02(B)'s definition of final and appealable orders. Since this matter involves the filing of exceptions to an estate inventory, R.C. 2505.02(B)(2) controls. *See In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, ¶ 46 ("Generally, matters related to estate administration, such as the filing of exceptions to a fiduciary's inventory or account, are treated as special proceedings."). Under this provision, an order is considered final and appealable where it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). Absent such an order, we have no jurisdiction and must dismiss the appeal. *State v. O'Black*, 3d Dist. Allen No. 1-09-46, 2010-Ohio-192, ¶ 4. Further, since this issue invokes our jurisdictional limits, we must raise it sua sponte. *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶ 4.

{¶7} In the particular context of estate administration, "a probate entry that affects a substantial right regarding a claim against an estate is considered to be a final appealable order." *Perry* at ¶ 46. In applying this general rule, we have previously noted that "[w]hile an entry denying exceptions does not affect the substantial rights of a party, an order approving an inventory is a final appealable order." *In re Estate of Messenger*, 3d Dist. Hancock No. 5-08-07, 2008-Ohio-5193, ¶ 6. Our position that an entry merely denying exceptions to an inventory does not constitute a final and appealable order is in accord with the views of several Ohio courts. *See, e.g.*, *In re Estate of Ross*, 11th Dist. Trumbull No. 2012-

T-0093, 2013-Ohio-2622, ¶ 17 (finding no appellate jurisdiction where trial court denied one exception but left other exceptions unresolved and failed to approve a final inventory); *Perry* at ¶ 47 ("Rulings on exceptions alone do not affect 'substantial rights' as defined in R.C. 2505.02(A)(1). Future relief is not foreclosed because the exceptions can be reviewed when the probate court conducts the statutorily required hearing to settle the inventory or account."). Here, Evans appeals from a judgment entry merely denying one of his exceptions. The trial court has yet to issue a judgment entry either resolving his other exception or approving a final inventory. Under *Messenger* and similar authority, this set of facts compels us to find that Evans has appealed from a non-final, non-appealable order and that we have no jurisdiction to hear this appeal.

{¶8} We recognize that there is some variety among Ohio courts regarding this issue. For instance, in *In re Estate of Sacco*, 7th Dist. Columbiana No. 03 CO 39, 2004-Ohio-3196, the Seventh District cursorily stated that "an order overruling or dismissing exceptions to an inventory of an estate is a final and appealable order." *Id*. at ¶ 15, citing *Sheets v. Antes*, 14 Ohio App.3d 278 (10th Dist. 1984). While this dictum, standing alone, suggests that the judgment entry in this matter is final and appealable, we find that the factual background of *Sacco* indicates otherwise. There, the trial court denied the appellant's exceptions and "approved the inventory and appraisal of the estate" before the appellant brought her appeal. *Id*. at ¶ 12. Consequently, the above language in *Sacco* merely stands

for the proposition that an order overruling exceptions to an inventory of an estate is final and appealable where the trial court also approved a final inventory. As stated above, the trial court did not approve a final inventory in this matter, meaning that *Sacco* provides no guidance here.

{¶9} Even if we read *Sacco*'s language more broadly as standing for the proposition that *any* judgment entry overruling exceptions to an inventory is final and appealable, we would still decline to follow *Sacco*'s guidance. The Seventh District relied on the Tenth District's ruling in *Sheets* when it stated that entries overruling exceptions to an inventory are final and appealable orders. Extending *Sheets* to cover all such entries would be improper since the Tenth District merely held that "[a] probate court's order *approving an inventory* which does not include certain items appellant claims are assets of an estate is an order affecting a substantial right made in a special proceeding. Thus, under R.C. 2505.02, the order is final and appealable." (Emphasis added.) *Sheets* at paragraph two of the syllabus. Based on the explicit language of *Sheets*' holding, it applies only where the trial court *both* overruled the appellant's exceptions *and* approved a final inventory of the estate. *See In re Estate of Persing*, 11th Dist. Trumbull No. 2009-T-0120, 2010-Ohio-2687, ¶ 11 ("However, pursuant to *Sheets*, an order denying exceptions to an inventory is only a final, appealable order if it also approves the inventory.").

{¶10} The Fourth District has also produced language suggesting that judgment entries overruling exceptions to an inventory are final and appealable orders. *See, e.g.*, *In re Estate of Workman*, 4th Dist. Lawrence No. 07CA39, 2008-Ohio-3351, ¶ 13 ("An entry overruling or sustaining objections to an account is a final and appealable order."); *In re Estate of Poling*, 4th Dist. Hocking No. 04CA18, 2005-Ohio-5147, ¶ 26 (same). The court, however, has qualified this general language and has found that judgment entries overruling exceptions but failing to approve a final inventory are not final, appealable orders. For instance, in *In re Estate of Smith*, 4th Dist. Ross No. 06CA2915, 2007-Ohio-3030, the appealed entry, which denied the appellant's exception, included the following language: "This matter is set for further hearing on the 21st day of August, 2006 at 8:00 a.m. on the issue of surcharge and reports ordered herein. At the conclusion of said hearing, executor will be directed to file his amended final and distributive account." *Id.* at ¶ 10. The Fourth District found that this entry was not a final, appealable order since "[b]y its terms, the above entry does not approve or settle an account." *Id.* at ¶ 11. Since this matter implicates identical facts as those addressed in *Smith*, we find no conflict between the Fourth District's position and ours.

{¶11} In sum, Evans has appealed from a judgment entry merely denying one of his two exceptions to the Inventory filed by the Estate's Administrator. The other exception remains pending before the trial court and the trial court has

failed to approve a final inventory. In light of these facts, and the guidance of prevailing case law, we find that the appealed judgment entry is not final and appealable. As such, we must dismiss this appeal for want of jurisdiction.

{¶12} Accordingly, for the foregoing reasons, the appeal is dismissed.

*Appeal Dismissed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/hlo**