[Cite as *McHenry v. McHenry*, 2017-Ohio-1534.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CINDY MCHENRY, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| Cross-Appellant | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| GLENN MCHENRY, JR., | : | Case No. 2016CA00158 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |
| Cross-Appellee | : | |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
of Common Pleas, Probate Division,
Case No. 216246

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        April 24, 2017

APPEARANCES:

For Plaintiff-Appellee/Cross/Appellant        For Defendant-Appellant/Cross-Appellee

KEVIN R. MCMILLAN        THOMAS C. LOEPP
JONATHAN F. SOBEL        1865 Arndale Road, Suite B
Kabat, McMillan, Mielziner & Sobel        Stow, Ohio 44224
30195 Chagrin Blvd., Suite 300
Pepper Pike, Ohio 44124

*Baldwin, J.*

**{¶1}** Defendant–appellant/cross–appellee Glenn McHenry, Jr. appeals the decision of the Stark County Court of Common Pleas, Probate Division, which ruled partially in favor of plaintiff–appellee/cross–appellant Cindy McHenry, his sister, on her suit for conversion and breach of trust.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellee and appellant are the children of the late Glenn E. McHenry, Sr. On June 27, 2007, Glenn, Sr. executed a revocable living trust, which inter alia conveyed to said trust certain real property on Canton Road in Akron, Ohio, and Oaklynn Street in Uniontown, Ohio. Also, on June 27, 2007, Glenn, Sr. executed a last will and testament. The will included the directive that all legally enforceable debts and funeral expenses be paid, with the remainder of the estate going to the trust. In addition, on December 23, 2010, Glenn, Sr. executed certain amendments to the revocable living trust.

**{¶3}** Glenn, Sr. passed away on January 13, 2011. Appellee at first accepted trusteeship; however, she resigned as trustee on or about February 2, 2011. Appellant thereupon became the trustee.

**{¶4}** Appellee thereafter alleged, among other things, that she was deceived into placing certain monies she received from the decedent's life insurance into an account of the trust, and that she did not receive her full benefit from same and from the balance of the trust. On November 1, 2012, appellee filed the instant action against appellant in the Stark County Probate Court, alleging the following causes of action: (1) conversion (2) breach of duty to inform and report (R.C. 5808.13(B)(1)), (3) breach of duty to provide accountings (R.C. 5808 .13(C)), (4) breach of trust/fiduciary duties re: real property

transfer, (5) breach of trust/fiduciary duties re: expenditures (6) breach of trust/fiduciary duties re: distribution of trust property, (7) removal of appellant as trustee and naming of appellee as successor trustee, and (8) temporary and permanent injunctive relief. On the same day, the trial court granted a temporary restraining order.

{¶5} On December 3, 2012, the trial court granted a preliminary injunction. Appellant filed an immediate appeal of that ruling; however, this Court dismissed the appeal for want of a final appealable order on August 26, 2013. See *McHenry v. McHenry*, 5th Dist. Stark No.2013CA00001, 2013–Ohio–3693.

{¶6} The case proceeded to a bench trial on February 6 and 10, 2014. On April 28, 2014, the trial court issued a judgment entry which: (1) denied appellee's request for permanent injunction, (2) denied appellee's request for forfeiture, (3) denied appellee's request for economic damages for any delay in transferring certain property, (4) denied appellee's request for economic damages for failing to provide an accounting, (5) granted appellee a judgment in the amount of $13,364.32 for conversion, (6) denied appellee's request for punitive damages, (7) ordered the return of the grantor's Cadillac to the trust, (8) ordered the removal of appellant as trustee (with appellant to be discharged after trial court approval of a comprehensive accounting by appellant of trust expenses and after appellant's filing of an amended estate tax return with payment of any additional taxes and penalties), and (8) ordered appellant to pay costs of the action, including attorney fees to be determined at a later time.

{¶7} On July 9, 2014, following a hearing on June 3, 2014, the trial court issued a judgment entry awarding attorney fees to appellant in the amount of $49,444.28. On August 6, 2014, Appellant Glenn, Jr. filed a notice of appeal. We dismissed the appeal

for want of a final, appealable order. *McHenry v. McHenry,* 5th Dist. Stark No. 2014 CA 00146, 2015-Ohio-2479.

{¶8} After the appointment of a successor trustee, a third appeal was filed on February 2, 2016, which was dismissed for lack of a final, appealable order on March 29, 2016. Thereafter, a hearing was held in the trial court on additional attorney fees. The court certified its previous orders as final judgments with no just reason for delay pursuant to Civ. R. 54(B), and awarded additional attorney fees in the amount of $17,323.46.

{¶9} Appellant assigns six errors to this Court on appeal:

{¶10} "I.   THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING AND CONTINUING THE PRELIMINARY INJUNCTION.

{¶11} "II.   THE TRIAL COURT'S DECISION AS TO THE CLAIM FOR CONVERSION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} "III.  THE TRIAL COURT'S DECISION AS TO THE CLAIM FOR BREACH OF TRUST IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE DEFENDANT HAD FAILED TO PROVIDE AN ACCOUNTING WHERE NONE WAS LEGALLY NECESSARY.

{¶14} "V.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING THE SUM OF $49,444.28 IN ATTORNEY FEES.

{¶15} "VI.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN AWARDING THE SUM OF $17,323.46 IN ADDITIONAL ATTORNEY FEES."

{¶16} Appellee assigns three cross-assignments of error:

**{¶17}** "I.    THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AWARD APPELLEE PUNITIVE DAMAGES FOR APPELLANT'S CONVERSION.

**{¶18}** "II.    THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AWARD A FORFEITURE AS A RESULT OF APPELLANT'S BREACHES OF TRUST.

**{¶19}** "III.    THE TRIAL COURT ERRED IN FINDING O.R.C. §2113.52 INAPPLICABLE."

I.

**{¶20}** In his first assignment of error, appellant argues that the court erred in granting a preliminary injunction which prevented him from transferring the Oaklynn Street property into his name.

**{¶21}** A party seeking a preliminary injunction bears the burden of establishing, by clear and convincing evidence, that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits; (2) the plaintiff will suffer irreparable injury if the injunction is not granted; (3) no third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction." *AultCare Corp. v. Roach*, 5th Dist. Stark No.2008CA00287, 2009-Ohio-6186, ¶56. No one factor in the analysis is dispositive, but the four factors must be balanced as is characteristic of the law of equity. *Id.*

**{¶22}** The standard of review regarding the grant or denial of an injunction is whether the trial court abused its discretion. *City of Canton v. Campbell,* 5th Dist. Stark App. No.2001CA00205, 2002-Ohio-1856, *citing Mechanical Contractors Association of Cincinnati, Inc. v. University of Cincinnati*, 141 Ohio App.3d 333, 338, 750 N.E.2d 1217

(2001). The term abuse of discretion connotes more than an error of law or judgment, it applies that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.*

{¶23} Appellee presented the testimony of appellant on cross-examination at the hearing on the preliminary injunction. At the hearing, he admitted that he and appellee had an agreement to each put the money they received from life insurance proceeds into the trust to pay bills, and he paid personal bills from this trust account which included the comingled funds. From this evidence, the court could conclude that appellee had demonstrated a substantial likelihood of success on the merits.

{¶24} Appellant further testified that he was at that time a party to a foreclosure action in Summit County, and intended to transfer the Oaklynn property into his own name in order to put a mortgage on the property so that he could pay money he owed to his creditors. While appellant testified that the Oaklynn Street property was not the only asset left in the trust, he testified that he was not aware of whether certain items had been transferred out of the trust at that time, and seemed unclear as to what other assets might remain in the trust. From this testimony, the trial court could conclude that the Oaklynn property was either the only asset remaining in the trust or was the most significant asset remaining in the trust, and its transfer into appellant's name could cause irreparable harm to appellee should she succeed on the merits of her claims concerning the trust.

{¶25} Although no direct evidence was presented concerning the third and fourth factors, we find the trial court did not abuse its discretion in maintaining the status quo of the trust during the pendency of the action by granting the preliminary injunction protecting the major, if not the only, asset remaining in the trust.

{¶26} The first assignment of error is overruled.

II.

**{¶27}** In his second assignment of error, appellant argues that the judgment finding him liable for conversion is against the manifest weight of the evidence. He argues that appellee was not "duped" into putting her personal funds which she received from their father's life insurance proceeds into the trust. He argues she did so by agreement, and benefitted from the arrangement. He further argues that the judgment finding he converted the Canton Road house by refusing to transfer it to appellee is against the manifest weight of the evidence, as appellee presented no evidence of damages.

**{¶28}** A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St. 2d 279, 376 N.E.2d 578 (1978). "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276 (1984).

**{¶29}** The tort of conversion is defined as "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Heflin v. Ossman*, 5th Dist. Fairfield No. 05CA17, 2005-Ohio-6876, ¶ 20, *quoting Joyce v. General Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). Thus, the elements required for conversion are: (1) a defendant's exercise of dominion or control; (2) over a plaintiff's property; and (3) in a manner inconsistent with the plaintiff's rights of ownership. *Id.*

**{¶30}** The trial court made the following finding regarding the comingling of appellee's personal funds with the trust funds, and appellant's use thereof:

Defendant testified that he and Plaintiff both agreed to deposit the life insurance proceeds from one of the policies into the Trust account, and that the funds were to be used to pay the debts of Grantor's estate and the ongoing expenses of the two properties. Defendant endorsed the check in his capacity as Trustee, and deposited it into the Trust checking account. Plaintiff's Exhibit 9. Plaintiff testified that Defendant told her that the terms of the Trust required her to deposit it into the Trust account. However, since the life insurance proceeds were Plaintiff's separate property, it was not required that they be deposited into the Trust account. Thus, Plaintiff was deprived of her property.

**{¶31}** Judgment Entry, April 28, 2014, p. 9.

**{¶32}** It is apparent from the court's findings that the judge found appellee's testimony that appellant told her she was required to deposit her life insurance proceeds into the trust account to be credible. As noted above, the trial court is in a better position than this Court to determine the credibility of witnesses. *Seasons Coal, supra.* The court determined what portion of appellee's separate funds were used for her benefit, and awarded damages for the amount of her funds that were used to pay off the debts of the grantor's estate, in the amount of $13,364.32. The testimony of appellee supported the court's determination that appellant, in his role as trustee, wrongfully exerted control over appellee's property in a manner inconsistent with her rights of ownership, and the judgment is not against the manifest weight of the evidence.

**{¶33}** Likewise, the trial court believed appellee's testimony regarding appellant's refusal to transfer the Canton Road property to appellee:

Plaintiff also testified that defendant promised her that the Canton Road property would be distributed to her in August, 2011. However, the property was not actually conveyed to her until July 31, 2012. Plaintiff's Exhibit 11. The Court does not find Defendant's testimony that he withheld the distribution of the property because of Plaintiff's mental health or substance abuse issues credible. Therefore, the Court finds that Defendant wrongfully exercised dominion and control over the real property that was to be distributed to Plaintiff by the terms of the Trust.

**{¶34}** Judgment Entry, April 28, 2014, p.9.

**{¶35}** Based on the testimony of appellee, which the trial court found more credible than appellant's testimony, the finding that appellant converted the Canton Road house was not against the manifest weight of the evidence. While appellant argues appellee did not prove that she was damaged by the conversion, the trial court found that the property had been returned, and that the parties did not submit evidence of the value of the loss of use of the Canton Road property. Judgment, 4/28/14, p.26. Therefore, the court did not award monetary damages in connection with the conversion of the Canton Road property.

**{¶36}** The second assignment of error is overruled.

III.

**{¶37}** In his third assignment of error, appellant argues that the court's finding that he committed a breach of the trust is against the manifest weight of the evidence.

**{¶38}** A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St. 2d 279, 376 N.E.2d 578 (1978). "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276 (1984).

**{¶39}** Appellant does not argue that any specific finding of an action taken in breach of trust was against the manifest weight of the evidence. Rather, he argues generally that he did not breach the trust because the trust granted him very broad powers, and he was not to distribute trust assets in the event that the beneficiary was going to live off of the trust assets, was using drugs, was not financially sound, or was having marital difficulties.

**{¶40}** The trial court recognized that the trust instrument granted the trustee broad powers:

> The Trust document at issue gave Defendant broad discretionary powers in administering the Trust. Attorney Donohew testified that Defendant discussed postponement of the distribution of Trust assets with

him. He also testified that the Trust provided the Trustee with absolute discretion in delaying distributions where a beneficiary suffered from any impairment, or had substance abuse issues. Joint Exhibit 1 at p.28. He also testified that the terms of the Trust permitted the Trustee to delay distributions due to pending litigation, such as a foreclosure, or due to marital difficulties, and that the purpose was to protect Trust assets from falling into the hands of third parties.

**{¶41}** Judgment Entry, 4/28/14, p.11.

**{¶42}** However, in finding a breach of trust, the court specifically found appellant's testimony that he used the discretionary power conferred by the trust to delay distribution because of appellee's issues to not be credible:

> The Court finds Defendant's testimony that he used the discretionary power conferred by the Trust to delay the distribution of the Canton Road property to Plaintiff because of her mental health and substance abuse issues not credible. The Court finds that the delay in the transfer of the property was primarily meant to benefit Defendant by protecting assets from his creditors. Therefore, the Court finds that Defendant failed to act primarily for the benefit of Plaintiff.

**{¶43}** Judgment Entry, 4/28/14, p.12.

**{¶44}** Further, even when a trust confers broad authority upon a trustee, a trustee cannot take advantage of the liberal provisions of the trust instrument to relieve himself from his legal responsibilities as a fiduciary. *Saba v. Fifth Third Bank of N.W. Ohio,* 6th

Dist. Lucas No. L-01-1284, 2002-Ohio-4658, ¶29, *citing In re Estate of Binder,* 137 Ohio St. 26, 43-44, 27 N.E.2d 939 (1940).

{¶45} Further, appellant does not challenge the court's findings that he breached the trust by transferring the settlor's Cadillac into his own name despite the fact that neither the trust, the amendment, nor the memoranda direct that the vehicle be distributed to him, or that he commingled trust assets with personal assets which is expressly prohibited by R.C. 5808.10(B). Neither of these actions related to the discretionary power of the trustee to delay distribution based on the personal issues of the beneficiary.

{¶46} The court's finding that appellant committed a breach of the trust is not against the manifest weight of the evidence.

{¶47} The third assignment of error is overruled.

IV.

{¶48} In his fourth assignment of error, appellant argues that the court erred in requiring him to provide an accounting, as the trust instrument specifically provided that he was not required to provide an accounting.

{¶49} Contrary to appellant's argument, the court did not require him to provide a full, formal accounting. The court specifically recognized that the trust instrument relieving the trustee of the duty to account controls over R.C. 5808.13(C), which requires a formal accounting.

{¶50} However, R.C. 5801.04(B) sets forth specific exceptions to the general rule that the terms of the trust prevail over the duties set forth in the Ohio Revised Code. One of these exceptions is the duty "to respond to the request of a current beneficiary of an irrevocable trust for trustee's reports and other information reasonably related to the

administration of a trust." R.C. 5801.04(B)(9). The testimony at trial established that when appellee expressed concerns about the documentation of trust expenses, appellant provided her with cancelled checks and receipts. The trial court concluded that these documents did not comply with the requirement that he keep appellee reasonably informed about the administration of the trust, and did not sufficiently provide appellee with material facts necessary for her to protect her interests.

**{¶51}** While recognizing that non-professional trustees are not necessarily held to the same standards as professional trustees, this Court has previously found that a handwritten ledger that included neither an inventory nor a running account of disbursements and receipts fell beneath the standard of care required by Chapter 5808 of the Ohio Revised Code. *In re: Marjorie A. Fearn Trust,* 5th Dist. Knox. No. 11-CA-16, 2012-Ohio-1029. In the instant case, the trial court did not err in finding that providing appellant with cancelled checks and receipts fell below the duty of the trustee as set forth in R.C. 5801.04(B)(9) to respond to the request of appellee for reports and other information reasonably related to the administration of the trust.

**{¶52}** The fourth assignment of error is overruled.

V.

**{¶53}** In his fifth assignment of error, appellant argues that the court failed to consider that appellee was not successful on all claims in awarding attorney fees of $49,444.28, and the fee award is excessive given that the judgment of monetary damages awarded appellee was $13,364.32.

**{¶54}** When considering an award of attorney fees, Ohio follows the "American Rule," under which a prevailing party in a civil action may not generally recover attorney

fees. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009–Ohio–306, 906 N.E.2d 396, ¶ 7. However, attorney fees may be awarded when a statute or an enforceable contract specifically provides for an award of attorney fees, or when the prevailing party demonstrates the losing party acted in bad faith. *Id.*

{¶55} In the instant case, attorney fees were awarded pursuant to R.C. 5810.04, which provides authority to award costs, expenses, and reasonable attorney fees in judicial proceedings involving the administration of a trust:

> In a judicial proceeding involving the administration of a trust, including a trust that contains a spendthrift provision, the court, as justice and equity may require, may award costs, expenses, and reasonable attorney's fees to any party, to be paid by another party, from the trust that is the subject of the controversy, or from a party's interest in the trust that is the subject of the controversy.

{¶56} We review an award under R.C. § 5810.04 for an abuse of discretion. *Rex. v. Rex,* 5th Dist. Stark No. 2016 CA 00088, 2016-Ohio-5788, ¶51. An abuse of discretion implies a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶57} Appellee did not prevail on her claims for punitive damages, forfeiture, and for permanent injunction. However, these claims were all related and presented similar issues to the claims on which appellee prevailed: conversion, breach of trust, and the preliminary injunction. The trial court did not abuse its discretion in noting that appellee did not prevail on all claims yet not reducing the attorney fee award based on her failure to prevail on all claims.

**{¶58}** Appellant also argues that the amount of fees is disproportionate to the amount of compensatory damages appellee was awarded. However, other forms of relief were awarded in this case, including a transfer of die cast models which appellee was to receive under the trust and the removal of appellant as trustee. The court also ordered that appellant provide an accounting and file an amended estate tax return. Further, the Ohio Supreme Court has specifically noted that when attorney fees are awarded under the Consumer Sales Practices Act, the attorney fee award need not be proportional to the amount of damages. *Bittner v. Tri-County Toyota, Inc.,* 58 Ohio St. 3d 143, 144, 569 N.E.2d 464 (2009). The Ohio Supreme Court noted in *Bittner:*

> We agree with the observation of the United States Supreme Court when it said: "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious * * * claims but relatively small potential damages to obtain redress from the courts." *Riverside v. Rivera* (1986), 477 U.S. 561, 578, 106 S.Ct. 2686, 2696, 91 L.Ed.2d 466.

**{¶59}** *Id.*

**{¶60}** Likewise, a rule of proportionality in trust cases would make it difficult for beneficiaries with meritorious claims against the trustee, but with relatively small potential damage claims, to seek redress in court.

**{¶61}** The trial court did not abuse its discretion in its award of attorney fees.

**{¶62}** The fifth assignment of error is overruled.

VI.

**{¶63}** In his sixth assignment of error, appellant argues that the trial court erred in its supplemental award of attorney fees of $17,323.46.

**{¶64}** Appellant first argues that the court lacked jurisdiction to award attorney fees for work performed on the prior appeals to this Court.

**{¶65}** The Ohio Supreme Court has held that trial courts may award fees for work done on appeal when the court awards fees pursuant to the Ohio Landlord Tenant Act, and has suggested that such fees are allowable when awarded pursuant to a remedial statute:

R.C. 5321.16 is a remedial statute intended to compensate the tenant for a wrongfully withheld deposit at no expense to the tenant. The trial court is in a better position to determine a fee award, for it may hold a hearing, take testimony, create a record, and otherwise evaluate the numerous factors associated with calculating an attorney-fee award. There is no limiting language in the statute that precludes a trial court from considering fees incurred at the appellate level. Therefore, we hold that a trial court has the authority under R.C. 5321.16(C) to tax as costs the attorney fees incurred at the appellate level.

This holding is consistent with *Breault*, in which the appellate court remanded the case specifically so that the trial court could assess the costs incurred on appeal. We agree with the reasoning in *Breault* that "[t]he trial court, on remand to assess costs, can easily determine, either in a hearing

or by reviewing affidavits, the reasonableness of fees to be awarded. The trial court, having final authority to assess costs, is in the best position to make such an award." *Breault*, Lucas App. No. L–86–116, 1986 WL 13169, at *4.

This holding is also consistent with judgments by appellate courts authorizing trial courts to assess attorney fees incurred on appeal to a prevailing plaintiff under other remedial statutes. In *Tanner v. Tom Harrigan Chrysler Plymouth, Inc.* (1991), 82 Ohio App.3d 764, 613 N.E.2d 649, the court of appeals upheld the trial court's award of attorney fees under the Consumer Sales Practices Act, specifically R.C. 1345.09(F), when those fees were incurred by the consumer defending the judgment on appeal. In *Gibney v. Toledo Bd. of Edn.* (1991), 73 Ohio App.3d 99, 596 N.E.2d 591, the court upheld the trial court's award to the prevailing party of attorney fees incurred at the appellate level while litigating a claim under Section 1983, Title 42, U.S.Code. The court reasoned that the trial court is in the best position to resolve factual disputes regarding appellate attorney fees through pretrial conferences, evidentiary hearings, and discovery. *Id*. at 108, 596 N.E.2d 591. See also *Royster v. Toyota Motor Sales*, U.S.A., Inc. (2001), 92 Ohio St.3d 327, 332, 750 N.E.2d 531, in which we ordered the trial court on remand to award reasonable attorney fees incurred on appeal by the consumer defending a judgment under Ohio's Lemon Law, R.C. 1345.71 et seq.

{¶66} *Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329, 888 N.E.2d 404, ¶¶ 13-15 (2008).

{¶67} In the instant case, R.C. 5810.04 specifically allows for the award of attorney fees. Although not a remedial statute in the same sense as the Landlord Tenant Act or the other statutes cited above in *Klein,* the official comments to R.C. 5810.04 state in pertinent part:

> The court may award a beneficiary litigation costs if the litigation is deemed beneficial to the trust. Sometimes, litigation brought by a beneficiary involves an allegation that the trustee has committed a breach of trust. On other occasions, the suit by the beneficiary is brought because of the trustee's failure to take action against a third party, such as to recover property properly belonging to the trust.

{¶68} Thus, the statute is designed to protect the trust and the beneficiaries of the trust. We therefore hold that pursuant to this statute, the trial court has authority to award attorney fees incurred on appeal.

{¶69} Appellant also argues the fees were not reasonable. Appellee presented expert testimony that the fee rate was reasonable, and the legal work was reasonable and necessary. Nevertheless, the trial court closely examined the fee statement and found certain expenses to be duplicative, unnecessary, expenses not generally allowed by the court, and excessive. Judgment Entry, 7/28/16, p. 5. We find no abuse of discretion in the trial court's fee award.

{¶70} The sixth assignment of error is overruled.

{¶71} We next turn to appellee's three cross-assignments of error.

I.

**{¶72}** In her first assignment of error, appellee argues that the court erred in failing to award punitive damages on her claim for conversion.

**{¶73}** The decision whether to award punitive damages is within the trial court's discretion and, absent an abuse of discretion, the court's ruling will be upheld. *See Kemp v. Kemp*, 61 Ohio App.3d 671, 2005–Ohio–3120, 831 N.E.2d 1038, (5th Dist.); *Greig v. Wallick*, 5th Dist. Tuscarawas No. 2010AP090036, 2012-Ohio-77, ¶86. Ohio law provides that an award of punitive damages is available only upon a finding of actual malice. *Berge v. Columbus Community Cable Access,* 136 Ohio App.3d 281, 316, 736 N.E.2d 517, (10th Dist.1999). Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174, (1987), syllabus.

**{¶74}** The trial court was in a better position than this Court to assess the demeanor and credibility of the witnesses and determine whether appellant converted appellee's property with actual malice.  The trial court found that appellant committed conversion by: (1) telling appellee she had to put her life insurance proceeds into the trust to pay the bills of the trust when in fact they were personal funds, and (2) refusing to transfer the Canton Rd. house to her in a timely fashion upon her request.  However, on

the record before this court, we do not find that the trial court abused its discretion in finding that punitive damages were not warranted in the instant case.

**{¶75}** The first cross-assignment of error is overruled.

II.

**{¶76}** In her second assignment of error, appellee argues that the court erred in not ordering a forfeiture pursuant to R.C. 2109.43, which provides in pertinent part:

No fiduciary shall make any personal use of the funds or property belonging to a trust. For a violation of this section, the fiduciary and the fiduciary's bond shall be liable in an action for any loss occasioned by that use and for any additional amount by way of forfeiture, not exceeding the amount of the loss occasioned by the use that may be fixed by the probate court hearing the case. Those amounts shall be payable for the benefit of the beneficiary, if living, and to the beneficiary's estate if the beneficiary is deceased. In addition to the penalties under this section, the court may remove the fiduciary pursuant to section 2109.24 of the Revised Code for fraudulent conduct or dereliction of duty related to the fiduciary's personal use or misuse of funds or property belonging to a trust. However, if all interested persons consent to the fiduciary's use of the property in a signed writing filed with the probate court, the fiduciary may make personal use of property belonging to the trust.

**{¶77}** The trial court found as follows in denying the forfeiture:

The Court finds that in this matter, Defendant did not make personal use of funds belonging to the Trust.  As explained above, the entire amount

expended from the Trust for Defendant's personal benefit was $37,482.38. The amount includes all of the funds expended in connection with the maintenance and utilities on the Oaklynn Street property. That amount also includes the amount used to pay off liens encumbering property that Defendant distributed to himself. However, the total amount expended on Defendant's behalf from the Trust bank account was less than the amount of his personal property deposited in that account, which was $38,800.03. Therefore, although the funds were improperly commingled, Defendant was not making personal use of the funds belonging to the Trust. Therefore, the Court finds that R.C. § 2019.43 is inapplicable in this matter and that Plaintiff is not entitled to any amount in forfeiture.

**{¶78}** Judgment entry, 4/28/14, p.24.

**{¶79}** While the evidence supports appellee's argument that appellant improperly used her personal funds to pay trust expenses, the court correctly found that the statute prohibits using *trust* funds for personal expenses. Further, as noted by the trial court, the amount appellant expended on his personal expenses did not exceed the amount he placed in the trust from his own receipt of life insurance proceeds. The trial court's decision is supported by competent, credible evidence.

**{¶80}** The second cross-assignment of error is overruled.

III.

**{¶81}** In her final assignment of error, appellee argues that the trial court erred in failing to apply R.C. 2113.52 regarding payment of liens from the estate. However, appellee recognizes that the trial court reached the same result as it would have had it

applied R.C. 2113.52, and argues that if the matter is remanded, R.C. 2113.52 should apply. Because we are not remanding this case, we decline to give an advisory opinion on this issue and the third cross-assignment of error is overruled.

{¶82} The judgment of the Stark County Common Pleas Court, Probate Division, is affirmed. Costs are to be split evenly between the parties.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.