[Cite as *Putnam Cty. Bd. of Commrs. v. Patrick Bros.*, 2019-Ohio-3722.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# PUTNAM COUNTY

BOARD OF COUNTY COMMISSIONERS
OF PUTNAM COUNTY, OHIO,

      PLAINTIFF-APPELLANT,            CASE NO.  12-18-11

      v.

PATRICK BROTHERS,            O P I N I O N
A GENERAL PARTNERSHIP, ET AL.,

      DEFENDANTS-APPELLEES.

STATE EX REL. PATRICK BROTHERS,
A GENERAL PARTNERSHIP, ET AL.,

      PLAINTIFFS-APPELLEES,       CASE NO.  12-18-12

      v.

BOARD OF PUTNAM COUNTY       O P I N I O N
COMMISSIONERS,

      DEFENDANT-APPELLANT.

**Appeals from Putnam County Common Pleas Court**
**Trial Court Nos. 12 CV 73 and 12 CV 55**

**Judgments Reversed**

**Date of Decision:   September 16, 2019**

Case Nos. 12-18-11, 12-18-12

APPEARANCES:

    *Gary L. Lammers and Frank J. Reed, Jr.* **for Appellant**

    *Linde Hurst Webb and Daniel Ellis* **for Appellees, Patrick Bros. et al.**

    *Matthew A. Cunningham* **for Appellee, The Buckeye Stave Co.**

**ZIMMERMAN, P.J.**

    **{¶1}** Appellant, the Board of Putnam County Commissioners ("Board"), appeals the August 10, 2018 judgment entry of the Putnam County Court of Common Pleas awarding supplemental attorney fees to appellees, Patrick Brothers, a General Partnership, et al. (collectively, "landowners"). For the reasons that follow, we reverse.

    **{¶2}** This appeal stems from two consolidated cases—a complaint (assigned case number 12 CV 55) filed on March 12, 2012 by the landowners against the Board alleging violations of the Ohio Sunshine Act ("Sunshine Act case") and applications for appropriation (assigned case number 12 CV 73) filed on April 6, 2012 by the Board against the landowners ("appropriations case")—involving the widening of County Road 5 in Putnam County, Ohio.[1] (Case No. 12 CV 55, Doc.

---

[1] The appropriation case consists of 13 consolidated cases.

No. 1); (Case No. 12 CV 73, Doc. No. 1). This court recited much of the factual and procedural background of the cases in a previous appeal, and we will not duplicate those efforts here. *See State ex rel. Patrick Bros., A Gen. Partnership v. Putnam Cty. Bd. of Commrs.*, 3d Dist. Putnam No. 12-13-05, 2014-Ohio-2717. (*See also Bd. of Cty. Commrs. of Putnam County v. Patrick Bros., A Gen. Partnership*, 12-15-06, Dec. 21, 2015 Accelerated JE). The facts relevant to this appeal are as follows.

{¶3} On June 23, 2014, this court concluded (in the Sunshine Act case) that the trial court erred by failing to issue the landowners' requested injunction based violations of the Ohio Sunshine Act and the Board's failure to comply with statutory requirements prior to authorizing the widening of County Road 5, and the case was remanded to the trial court to determine the appropriate remedies in that proceeding. *See State ex rel. Patrick Bros.* at ¶ 32-40, 49, 51.

{¶4} After the release of this court's opinion, the trial court (in the Sunshine Act case) issued a permanent injunction against the Board on July 2, 2015. (Case No. 12 CV 55, Doc. No. 140).

{¶5} The landowners filed a motion on February 12, 2015 (in the appropriations case) and a motion on June 29, 2015 (in the Sunshine Act case) for attorney fees under R.C. 163.21(B)(1) and (2), and 121.22(I)(2)(a), respectively.

(Case No. 12 CV 55, Doc. No. 135); (Case No. 12 CV 73, Doc. No. 47).[2] The Board filed memoranda in opposition to the landowners' motions on February 25, 2015 and July 2, 2015, respectively. (Case No. 12 CV 55, Doc. No. 137); (Case No. 12 CV 73, Doc. No. 48). The landowners filed their response to the Board's memorandum in opposition to their motion for attorney fees (in the appropriations case) on March 2, 2015. (Case No. 12 CV 73, Doc. No. 49).

{¶6} On May 26, 2015, the trial court granted the landowners' motion for attorney fees (in the appropriations case), but reserved the determination of the amount of attorney fees for a later time. (Case No. 12 CV 73, Doc. Nos. 53, 58). The landowners appealed the trial court's decision on June 15, 2015 and this court dismissed their appeal for the lack of a final, appealable order on December 21, 2015. (Case No. 12 CV 73, Doc. No. 61); (*Bd. of Cty. Commrs. of Putnam County v. Patrick Bros., A Gen. Partnership*, 12-15-06, Dec. 21, 2015 Accelerated JE).

{¶7} Meanwhile, the trial court denied the landowners' motion for attorney fees (in the Sunshine Act case) on July 29, 2015. (Case No. 12 CV 55, Doc. No. 148). Accordingly, on September 28, 2015, the landowners filed a motion (in the Sunshine Act Case) for attorney fees under Civ.R. 54(D) and R.C. 121.22(I)(1) and

---

[2] We are using the term "attorney fees" synonymously with the terms "fees," "costs," and "expenses" in this opinion. *See* R.C. 121.22(I)(2)(a) (permitting an award of court costs and reasonable attorney fees); R.C. 163.21(B)(1)(a), (b) (permitting an award of jury fees and "reasonable disbursements and expenses, to include witness fees, expert witness fees, attorney's [sic] fees, appraisal and engineering fees, and for other actual expenses"); Civ.R. 54(D) (permitting an award for costs).

(2) "as a result of the success of the decision of the Third District Court of Appeals, Case No. 2014-Ohio-2717, which is a case of public interest, and move[d] the court to assess the expenses attached, as court costs." (Case No. 12 CV 55, Doc. No. 165). On March 30, 2016, the landowners filed an updated motion for costs, which was "filed for costs incurred after September 17, 2015, including [the landowners' expert witness's] additional time, resulting in a total [landowner] costs of $23,609.30." (Case No. 12 CV 55, Doc. No. 188).

{¶8} The landowners filed a motion on January 14, 2016 for a hearing to determine the amount of attorney fees and expenses (in the appropriations case) that the trial court previously awarded. (Case No. 12 CV 73, Doc. No. 66). On January 28, 2016, the Board dismissed its appropriation petitions. (Case No. 12 CV 73, Docs. No. 68, 70).

{¶9} On May 6, 2016, the trial court awarded the landowners (in the appropriations case) $113,661.00 in attorney fees. (Case No. 12 CV 73, Doc. Nos. 78, 79). On May 18, 2016, the trial court awarded the landowners (in the Sunshine Act case) "$527,828.30 plus interest (civil forfeiture in the amount of $6,500.00, attorney fees awarded in the amount of $497,714.00 and costs in the amount of $23,609.30)." (Case No. 12 CV 55, Doc. Nos. 190, 191). No appeal was taken from these orders, and all sums were paid by the Board.

{¶10} However, on December 29, 2017, the landowners filed motions in both cases for supplemental attorney fees. (Case No. 12 CV 55, Doc. No. 194); (Case No. 12 CV 73, Doc. No. 82). The Board filed memoranda in opposition to the landowners' motions for supplemental attorney fees on January 12, 2018. (Case No. 12 CV 55, Doc. No. 198); (Case No. 12 CV 73, Doc. No. 84). After a hearing on July 2, 2018, the trial court awarded the landowners $26,502.25 in supplemental attorney fees (in the Sunshine Act case) and $10,739.09 in supplemental attorney fees (in the appropriations case) on October 2, 2018. (Case No. 12 CV 55, Doc. Nos. 212, 213); (Case No. 12 CV 73, Doc. Nos. 92, 95).

{¶11} The Board filed a notice of appeal in both cases on November 8, 2018, which we consolidated for purposes of appeal. (Case No. 2012 CV 55, Doc. No. 215); (Case No. 2012 CV 73, Doc. No. 97). The Board raises one assignment of error for our review.

### Assignment of Error

**The lower court erred in granting supplemental attorneys' fees to Plaintiffs-Appellees.**

{¶12} In its assignment of error, the Board argues that the trial court erred by granting the landowners supplemental attorney fees.

{¶13} Before we review the merits of the Board's assignment of error, we must address a threshold jurisdictional issue. Courts of appeal in Ohio have appellate jurisdiction over "final appealable orders." Ohio Constitution, Article IV,

-6-

Section 3(B)(2). *See also* R.C. 2505.02. If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St. 3d 17, 20 (1989). This Court *must* raise jurisdictional issues sua sponte. *In re Murray*, 52 Ohio St.3d 155, 159-160, (1990), fn. 2; *Whitaker-Merrell Co. v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶14} To answer our ultimate jurisdictional question, we must determine whether the trial court's May 6 and 18, 2016 entries constitute final orders. "What constitutes a 'final' order is defined in R.C. 2505.02, which, as applicable here, includes '[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]'" *Grover v. Dourson*, 12th Dist. Preble No. CA2017-09-009, 2018-Ohio-1456, ¶ 16, quoting R.C. 2505.02(B)(2). *See also In re Estate of Sickmiller*, 3d Dist. Paulding No. 11-13-01, 2013-Ohio-3788, ¶ 6. "In other words, '[f]inal orders are generally those that dispose of the whole case or some separate and distinct branch of it, and leave nothing for future determination.'" *Grover* at ¶ 16, quoting *Dudley v. Dudley*, 12th Dist. No. CA2010-05-114, 2012-Ohio-225, ¶ 12. A post-judgment motion for attorney fees—of which the trial court retains post-judgment jurisdiction—is a summary application in an action after judgment. *See Troja v. Pleatman*, 1st Dist. Hamilton No. C-160447, 2016-Ohio-7683, ¶ 21, citing *State Auto Mut. Ins. Co. v.*

*Tatone*, 2d Dist. Montgomery No. 21753, 2007-Ohio-4726, ¶ 10, *Victoria's Garden v. Sheehy*, 10th Dist. Franklin No. 93AP-404, 1993 WL 302835, *2 (July 27, 1993), and *Monda v. Shore*, 11th Dist. Portage No. 2008-P-0078, 2009-Ohio-2088, ¶ 18-25. *See also In re Ross*, 2d Dist. Montgomery No. 18847, 2001 WL 815043, *2 (July 20, 2001).

**{¶15}** After the release of this court's opinion in *State ex rel. Patrick Bros.*, the landowners obtained a permanent injunction in the Sunshine Act case and, subsequently, filed a motion for attorney fees. In particular, the landowners' motion requested attorney fees under Civ.R. 54(D) and R.C. 121.22(I)(1) and (2) "as a result of the success of the decision of the Third District Court of Appeals, Case No. 2014-Ohio-2717, which is a case of public interest, and move[d] the court to assess the expenses attached, as court costs." (Case No. 12 CV 55, Doc. No. 165). Later, the landowners filed an "updated" motion for attorney fees for "costs incurred after September 17, 2015, including [landowners' expert witness's] additional time, resulting in a total [landowner] costs of $23,609.30." (Case No. 12 CV 55, Doc. No. 188).

**{¶16}** Similarly, after the release of this court's opinion in the Sunshine Act case, the landowners filed (in the appropriations case) a motion seeking judgment in their favor under R.C. 163.21(B)(1) and (2) and for attorney fees, which the trial

court granted. Later, the Board dismissed its petitions. (*See* Case No. 12 CV 73, Doc. Nos. 68, 70).

{¶17} After hearings, (and reviewing affidavits and a stipulation submitted by the parties), the trial court awarded the landowners $527,823.30 in attorney fees (in the Sunshine Act case) and $113,661.00 in attorney fees (in the appropriations case) on May 2, 2016. The trial court finalized its order by entries filed on May 18, 2016 and May 6, 2016, respectively. Both entries specifically state, "The Court expressly determines that * * * this Judgment entry is a final and appealable order, judgment and decree of the Court." (Case No. 12 CV 55, Doc. No. 191); (Case No. 12 CV 73, Doc. No. 79).

{¶18} There can be no dispute that the trial court's orders meet the requirements of R.C. 2505.02(B)(2). *See In re Guardianship of Freeman*, 4th Dist. Adams No. 02CA737, 2002-Ohio-6386, ¶ 12; *Hlavin v. W. E. Plechaty Co.*, 28 Ohio App.2d 43, 44 (8th Dist.1971). Specifically, the landowners' motions for attorney fees are post-judgment motions for attorney fees of which a trial court retains post-judgment jurisdiction. *See, e.g.*, *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶ 23, citing *Miami Valley Hosp. v. Payson*, 2d Dist. Montgomery No. CA 17830, 1999 WL 1207064, *4 (Dec. 17, 1999); *McHenry v. McHenry*, 5th Dist. No. 2016CA00158, 2017-Ohio-1534, ¶ 65-66, quoting *Klein v. Moutz*, 118 Ohio St.3d 256, 2008-Ohio-2329, ¶ 13-15 (2008). Thus, the landowners' motions

for attorney fees  constitute a summary application in an action after judgment. Indeed, the trial court's entries resolved the entirety of the landowners' requests for attorney fees under R.C. 121.22(I), 163.21(B), and Civ.R. 54(D)—that is, the landowners did not request any additional attorney fees of which the trial court reserved jurisdiction to consider or calculate. Although the trial court's May 6 and 18, 2016 entries constituted final, appealable orders, neither party appealed from those entries and the landowners did not file a motion under Civ.R. 60(B) to correct any error. *See United Gulf Marine, LLC v. Continental Refining Co., LLC*, 3d Dist. Allen No. 1-18-35, 2019-Ohio-666, ¶ 15.

{¶19} Instead, more than 19 months later, the landowners filed motions for supplemental attorney fees on December 29, 2017. In their motion (in the Sunshine Act case), the landowners specifically state, in relevant part, as follows:

> [Landowners] file their Updated Motion for Attorney Fees and Costs pursuant to R.C. 54(D) [sic] and R.C. §121.22(I)(1) and (2) as a result of their success in obtaining the decision of the Third District Court of Appeals, Case No. 2014-Ohio-2717. This Updated Motion is being filed for Attorney fees which were incurred but were not a part of the award by the Court, and covers time spent in the last attorney fee hearing and additional pleadings necessitated by continual opposition by the [Board].

(Case No. 12 CV 55, Doc. No. 194). Likewise, the landowners' motion (in the appropriations case), states, in its relevant part, as follows:

> [Landowners] file their Updated Motion for Attorney Fees and Costs pursuant to R.C. 54(D) [sic] as a result of their success in obtaining the decision of the Third District Court of Appeals, Case No. 2014-

Ohio-2717. This Updated Motion is being filed for Attorney fees which were incurred but were not part of the award by the Court, and covers time spent in the last attorney fee hearing and additional pleadings.

(Case No. 12 CV 73, Doc. No. 82).[3]

**{¶20}** In other words, the landowners' motions seek *reconsideration* of the trial court's final orders awarding attorney fees under R.C. 121.22(I), 163.21(B), and Civ.R. 54(D). "'The Rules of Civil Procedure do not provide for motions for reconsideration; and therefore, "motions for reconsideration of a final judgment in the trial court are a nullity."'" *United Gulf Marine, LLC* at ¶ 16, quoting *Miller v. Cass*, 3d Dist. Crawford No. 3-09-15, 2010-Ohio-1930, ¶ 44, quoting *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 379-380 (1981), and citing *Ham v. Ham*, 3d Dist. Wyandot No. 16-07-04, 2008-Ohio-828, ¶ 15. "'Furthermore, any order that a trial court enters granting or denying any such motion is also a legal nullity.'" *Id.*, quoting *Miller* at ¶ 44, citing *Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, ¶ 17 (2d Dist.), citing *Pitts* at 381. *See also Miller* at ¶ 44 (explaining that "Civ.R.60(B), not a motion for reconsideration, is the proper way to bring to the trial court's attention its errors following a final judgment entry"), citing *Reagan*

---

[3] To the extent that the landowners argue that they are entitled to attorney fees (in the appropriations case) "pursuant to R.C. 54(D) [sic] as a result of their success in obtaining the decision of the Third District Court of Appeals, Case No. 2014-Ohio-2717," the landowners' assertion is misguided. "Case No. 2014-Ohio-2717" involved *only* the Sunshine Act Case. *See State ex rel. Patrick Bros., A Gen. Partnership v. Putnam Cty. Bd. of Commrs.*, 3d Dist. Putnam No. 12-13-05, 2014-Ohio-2717. The landowners were *not* successful in obtaining any appellate decision in the appropriations case. Accordingly, the landowners are not entitled to any attorney fees in the appropriations case related to success in obtaining a favorable appellate decision in *another* case.

*v. Ranger Transp., Inc.*, 11th Dist. Portage Nos. 95-P-0123 and 95-P-0124, 1996 WL 494886, *3 (Aug. 9, 1996). In the appeal before us, we conclude that the landowners' motions for supplemental attorney fees are nullities and the trial court's judgment entries awarding supplemental attorney fees as to R.C. 121.22(I), 163.21(B), and Civ.R. 54(D) are likewise nullities. *See United Gulf Marine, LLC* at ¶ 16, citing *Bank of Am., N.A. v. Sullivan*, 3d Dist. Allen No. 1-15-09, 2015-Ohio-2736, ¶ 16.

{¶21} Nonetheless, the landowners contend that they are entitled to supplemental attorney fees by way of a post-attorney-fee-judgment motion under the authority of *Village of W. Unity ex rel. v. Merillat*. 169 Ohio App.3d 71, 2006-Ohio-5105 (6th Dist.). However, a close review of that case reveals that it does not stand for the proposition of which the landowners suggest. Rather, we find that the cited case provides that supplemental-attorney-fee requests are within the jurisdiction of a trial court and must be considered *prior* to entering a final judgment on the determination of attorney fees that are, for instance, tied to a particular statute or appellate success. *See id.* at ¶ 5, ¶ 38 (concluding that the trial court abused its discretion by disregarding a post-hearing, pre-judgment request for supplemental attorney fees).

{¶22} If the landowners intended to seek recovery of attorney fees associated with their requests under R.C. 121.22(I), 163.21(B), or Civ.R. 54(D), including their

participation in the attorney-fee hearing, they could have and should have sought the award prior to the trial court's issuance of its final entries in each case. Importantly, the landowners had ample opportunity to request such attorney fees prior to the issuance of the final entries—that is, the landowners had ample opportunity to seek recovery of those attorney fees (1) prior to the hearing on attorney fees; (2) at that hearing; (3) after that hearing but before the trial court issued its orders awarding attorney fees on May 2, 2016; or (4) after the trial court issued its orders on May 2 but before it issued its final entries on May 6 and 18, 2016. Moreover, the trial court's orders awarding supplemental attorney fees specifically acknowledge that the landowners

> should have advised the Court in the March 2016 hearing they would
> be seeking supplemental fees (as they did in the July, 2018 hearing).
> At the latest they should have applied for supplemental fees after they
> were advised by the Court on May 2, 2016 that they were entitled to
> fees.

(Case No. 12 CV 55, Doc. No. 209); (Case No. 12 CV 73, Doc. No. 92).

{¶23} Therefore, because an order of a trial court granting or denying reconsideration of a prior final and appealable order is a nullity and not subject to appeal, the trial court's October 2, 2018 entries granting the landowners' requests for supplemental attorney fees is not a final, appealable order. *See McCualsky v. Appalachian Behavioral Healthcare*, 10th Dist. Franklin No. 16AP-442, 2017-

Ohio-1064, ¶ 13.  Consequently, the trial court's entries awarding supplemental attorney fees are void, and the Board's assignment of error is sustained.

**{¶24}** Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we reverse the judgments of the trial court.

*Judgments Reversed*

**PRESTON, J., concurs.**

**/jlr**

**WILLAMOWSKI, J., dissenting.**

**{¶25}** I respectfully dissent from the opinion of the majority for the following two reasons.  First, the issue upon which the majority bases its decision was not raised by the parties on appeal.  "[A]ppellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue.' "  *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 21, 19 N.E.3d 888 quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170, 522 N.E.2d 524 (1988).  The parties in this case were not given the opportunity to brief the issue, as has been required by the Supreme Court of Ohio.  Thus this court should not be issuing a decision based upon a new, unbriefed issue.

**{¶26}** Second, I do not find that the motion for supplemental fees is the same as a motion for reconsideration of a prior opinion. The original judgment entry awarding attorney fees dealt with all fees and expenses through the dates of the affidavits. In the affidavits of the attorneys, they reserved the right to file for supplemental fees. At that time, the hearing on the motion for attorney fees had not been concluded, the judgment had not been collected, and no one knew if a party would appeal the judgment of the trial court. Thus, although the judgment awarding attorney fees was a final appealable order, it was not necessarily the end of the case. Parties are given the right to seek supplemental attorney fees. *See W. Unity ex rel. Beltz v. Merillat*, 169 Ohio App.3d 71, 2006-Ohio5105, 861 N.E.2d 902 (6th Dist.) and *Turner v. Progressive Corp.*, 140 Ohio App.3d 112, 746 N.E.2d 702 (8th Dist. 2000). The request for supplemental fees did not ask the trial court to reconsider any award previously given. Instead, it merely sought additional fees earned from the date of the affidavit through the supplemental hearing. As the issue before the trial court was not the same as was previously heard and ruled upon, the motion for supplemental fees could not be a motion for reconsideration. Therefore, I respectfully dissent with the conclusion of the majority that it is. I would rule upon the errors assigned rather than dismiss for lack of jurisdiction.